1  Stan S. Mallison (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  LAW OFFICES OF MALLISON & MARTINEZ
   1042 Brown Avenue
3  Lafayette, CA 94549
   Telephone:     (925) 283-3842
4  Facsimile:     (925) 283-3426
   stanm@mallisonlaw.com
5  hectorm@mallisonlaw.com

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

10 | | Case No.
11 | |
   | | CLASS ACTION COMPLAINT FOR:
12 | |
13 | RAMON OCHOA-HERNANDEZ, on behalf of | 1. Violation of Fair Labor Standards
   | himself and all others similarly situated, | Act for Failure to Pay Overtime
14 | | Wages, 29 U.S.C. §§ 201 et seq.;
   | Plaintiff, | 2. Failure to Pay Minimum Wages;
15 | | 3. Failure to Pay Overtime Wages;
   | vs. | 4. Failure to Provide Rest and Meal
16 | | Periods or Pay Additional Wages
17 | CJADERS FOODS, INC., a California Corporation | in Lieu Thereof;
   | (doing business as "COUNTY SQUARE MARKET" | 5. Knowing and Intentional Failure
18 | and "COUNTRY SQUARE MARKET"); and DOES | to Comply with Itemized
   | 1 through 20, inclusive, | Employee Wage Statement
19 | | Provisions;
   | Defendants. | 6. Failure to reimburse employees
20 | | for necessary expenses incurred;
21 | | 7. Breach of Contract; and
   | | 8. Violation of Unfair Competition
22 | | Law.
23 | | DEMAND FOR JURY TRIAL
24 | |
25
26
27
28

                    Class Action Complaint – Demand for Jury Trial

1       1.    Plaintiff Ramon Ochoa-Hernandez, on behalf of himself and all other similarly
2   situated non-exempt employees, brings this class action lawsuit against Defendants CJADERS
3   Foods, Inc. (doing business as ("dba") "County Square Market" and "Country Square Market"),
4   and Does One through 20, inclusive.
5       2.    This class action is brought on behalf of all non-exempt employees who were not
6   paid in accordance with Federal and California law. The allegations below are based on
7   PLAINTIFF'S personal knowledge, except those allegations made on information and belief after
8   a reasonable inquiry under the circumstances by his counsel.
9       3.    Each allegation in this Complaint either has evidentiary support or is likely to have
10  evidentiary support after a reasonable opportunity for further investigation or discovery.
11
12                  **I.    NATURE OF THE ACTION**
13      4.    This is a wage and hour class action to vindicate the rights afforded employees by
14  California and Federal laws.  This action is brought by Plaintiff Ramon Ochoa-Hernandez
15  (hereinafter "OCHOA-HERNANDEZ" or "PLAINTIFF") on behalf of a class of similarly situated
16  individuals against Defendants CJADERS Foods, Inc. (dba "County Square Market" and "Country
17  Square Market") (hereinafter "CJADERS"), and Does One through 20, inclusive (hereinafter
18  collectively referred to as "DEFENDANTS").
19      5.    This action revolves around the systematic failure by CJADERS to pay its
20  California non-exempt employees, including PLAINTIFF and the Class, in conformance with
21  Federal and California law.  The core violations alleged herein are: (1) failure to pay all minimum
22  and overtime wages owed; (2) failure to provide accurate itemized wage statements; (3) failure to
23  keep accurate time and payroll records; (3) failure to provide rest and meal periods or pay the
24  statutory additional wages due; and (4) failure to reimburse necessary expenses incurred for the
25  job.
26      6.    CJADERS has knowingly and intentionally refused to pay PLAINTIFF and Class
27  members the wages owed and due to them under the express provisions of the Fair Labor
28

1   Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the California Labor Code, subjecting

2   CJADERS to this class action for restitution of unpaid wages, recovery of penalties, and injunctive

3   and other relief.

4         7.     As such, PLAINTIFF, for himself and the Class, seeks injunctive relief requiring

5   DEFENDANTS to comply henceforth with all applicable laws and regulations governing hours

6   and wages, and enjoining DEFENDANTS from engaging in the unlawful and unfair wage-and-

7   hour practices that characterize its business in California.  PLAINTIFF also seeks declaratory relief

8   enumerating DEFENDANTS violations so that the DEFENDANTS and the general public will

9   have clarity and guidance with regards to DEFENDANTS' future employment practices.

10

11                                          **II.    PARTIES**

12         8.     Plaintiff OCHOA-HERNANDEZ is an individual residing in Contra Costa County.

13   He has employed as a non-exempt employee by CJADERS in Contra Costa County since

14   approximately March 2007.  Plaintiff OCHOA-HERNANDEZ is been employed in commerce by

15   DEFENDANTS within the meaning of 29 U.S.C. §203, and is, or at all relevant times has been,

16   employed in DEFENDANT'S business operations within the meaning of 29 U.S.C. § 203(g).

17   OCHOA-HERNANDEZ is an aggrieved employee who has been subjected to the violations and

18   unlawful employment practices described herein, has suffered injury in fact, and has lost money or

19   property as a result.

20         9.     The following allegations as to Defendant CJADERS are made on information and

21   belief, and are likely to have evidentiary support after a reasonable opportunity for further

22   investigation or discovery.

23        10.    On information and belief, Defendant CJADERS Foods, Inc. is a California

24   corporation that operates supermarkets under the dbas "County Square Market" and "Country

25   Square Market."  CJADERS employs PLAINTIFF and the Class of non-exempt employees he

26   seeks to represent. The corporate address for CJADERS according to information lodged with the

27   California Secretary of State is 510 Contra Costa Blvd., Pleasant Hill, CA 94523. The name and

28

1    PLAINTIFF and the Class unlawful practices and policies in violation of Federal and California

2    wage and hour laws, including but not limited to:

3         a.     failing to compensate Class members, including PLAINTIFF, for all hours

4                  worked by, among other things, improperly recording or failing to record

5                  hours worked, paying by schedule rather than actual hours worked, paying

6                  a set amount without regard to actual hours worked, paying an amount

7                  below the statutory minimum, or paying by other arbitrary measures;

8                  resulting in unpaid minimum and overtime wages in violation of Federal and

9                  California law and policy;

10        b.     failing to provide Class members, including PLAINTIFF, rest periods of at

11                 least (10) minutes per four (4) hours worked, or major fraction thereof, and

12                 failing to pay such employees one (1) hour of additional wages at the

13                 employees' regular rate of compensation for each workday that the rest

14                 period was not provided, in violation of California law and public policy;

15        c.     requiring PLAINTIFF and the Class, to work at least five (5) hours without a

16                 meal period and failing to pay such employee one (1) hour of pay at the

17                 employee's regular rate of compensation for each workday that the meal

18                 period is not provided;

19        d.     failing to provide accurate itemized wage statements to Class members,

20                 including PLAINTIFF, in violation of California law and public policy;

21        e.     failing to maintain accurate time records for Class members, including

22                 PLAINTIFF, in violation of California law and public policy;

23        f.     failing to properly pay Class members, including PLAINTIFF, time and a

24                 half and double overtime pursuant to California Labor Code provisions and

25                 Industrial Welfare Commission Wage Orders 5-2001, in violation of

26                 California law and public policy;

27        g.     failing to reimburse Class members, including PLAINTIFF, for purchase of

28

- 6 -

1    work shoes and attire required by DEFENDANTS, in violation of California

2    law and public policy;

3        h.    failing to comply with the implied or express contractual terms of

4    employment;

5    20.    On information and belief, DEFENDANTS were on notice of the improprieties

6    alleged and/or have intentionally, deliberately, and willfully carried out these unlawful and unfair

7    business practices.

8    21.    DEFENDANTS have made it difficult to account with precision for the unlawfully

9    withheld wages due to PLAINTIFF and the Class during all relevant times herein, because

10    DEFENDANTS did not fully implement and utilize a record-keeping system to accurately record

11    all hours worked and wages earned by CJADERS' employees, as required for non-exempt

12    employees by California Labor Code §§ 226 and 1174(d), and Industrial Welfare Commission

13    Wage Orders 5 & 7.

14    22.    DEFENDANTS employed Plaintiff OCHOA-HERNANDEZ pursuant to an implied

15    contract, or one arising by operation of law, whose terms are contained in the California Labor

16    Code and various employee manuals and other writings in the possession of DEFENDANTS.

17    23.    PLAINTIFF and the Class bring this action pursuant to the FLSA, California Labor

18    Code and IWC wage orders, seeking unpaid overtime and minimum wages, rest and meal period

19    compensation, statutory penalties, liquidated damages, reimbursement of expenses, declaratory,

20    injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

21    24.    PLAINTIFF and the Class, pursuant to their California breach of contract cause of

22    action, seek contractual damages and all of the relief provided by the California Labor Code, which

23    is incorporated into the contractual claims of PLAINTIFF and the Class by implication or

24    operation of law.

25    25.    PLAINTIFF and the Class, pursuant to the Unfair Competition Law ("UCL"),

26    Business and Professions Code §§ 17200 et seq., seek injunctive relief, declaratory relief,

27    restitution, and restitutionary disgorgement of all wages earned by PLAINTIFF and the CLASS but

28

- 7 -

1  retained by DEFENDANTS as a result of their failure to comply with the above laws. PLAINTIFF

2  and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney

3  provisions of California Code of Civil Procedure § 1021.5, and the California Labor Code.

4

5

6                              V.    CLASS ACTION ALLEGATIONS

7        26.    PLAINTIFF brings this action on behalf of himself and all others similarly situated

8  as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFF seek to

9  represent the following "Class" composed of and defined as follows:

10        **CALIFORNIA CJADERS WORKERS:**  All non-exempt persons who are
          or have been employed by DEFENDANTS in the State of California and
11        who, within four (4) years of the filing of this Complaint, have worked as
          hourly and/or piece rate employees.
12
   PLAINTIFF reserves the right to amend or modify the class description with greater specificity to
13
   further divide into subclasses or to limit to particular issues.
14
15        27.    PLAINTIFF also seeks to represent the following opt-in FLSA "Class":

16        **CALIFORNIA CJADERS FLSA CLASS:**  All non-exempt persons who
          are employed or have been employed by DEFENDANTS in the State of
          California and who, within three (3) years of the filing of this Complaint,
17        have worked as hourly and/or piece rate employees.

18        28.    This action has been brought and may properly be maintained as a class action

19  under the provisions of Federal Rule of Civil Procedure 23, because there is a well-defined

20  community of interest in the litigation and the proposed Class is easily ascertainable by means of

21  DEFENDANTS' records.

22

23                                  A.    Numerosity

24        29.    The potential members of the Class are so numerous that joinder of all the members

25  of the Class is impracticable.  While the precise number of Class Members has not been

26  determined at this time, PLAINTIFF is informed and believes that the Class contains well over 100

27  workers and could consist of several hundred workers.  Upon information and belief, PLAINTIFF

28

                                        - 8 -

1   alleges that DEFENDANTS' employment records would provide information as to the number and

2   location of all Class Members. Joinder of all members of the proposed Class is not practicable.

3   Class members are largely low-income, Spanish-speaking workers with little knowledge of the

4   workings of the United States Federal Courts, making the alternative of hundreds of individual

5   wage and hour actions impractical and inefficient. Denial of class certification would likely result

6   in valid and proper claims being unlitigated or, alternatively, the filing of a myriad of cases

7   flooding the court's docket.

8

9                             B.     Commonality

10        30.    There are questions of law and fact common to the Class predominating over any

11   questions affecting only individual Class Members. These common questions of law and fact

12   include, without limitation:

13              a.     whether DEFENDANTS failed to pay premium overtime wages for hours

14                   worked in excess of 8 hours in one day, 40 hours in a workweek, and on the

15                   seventh day of a workweek without overtime pay, in violation of Federal

16                   and California law;

17              b.     whether DEFENDANTS failed to pay minimum wages for all hours worked;

18              c.     whether DEFENDANTS failed to permit rest periods of at least (10) minutes

19                   per four (4) hours worked or major fraction thereof and failing to pay such

20                   employees one (1) hour of pay at the employee's regular rate of

21                   compensation for each workday that the rest period was not provided;

22              d.     failing to provide, to work at least five (5) hours without a meal period and

23                   failing to pay such employee one (1) hour of pay at the employee's regular

24                   rate of compensation for each workday that the meal period was not

25                   provided;

26              e.     whether DEFENDANTS failed to provide accurate itemized wage

27                   statements;

28

f.    whether DEFENDANTS failed to implement and utilize time-keeping systems and/or to maintain accurate time records;

g.    whether DEFENDANTS failed to reimburse employees for expenses reasonably incurred or for amounts DEFENDANTS required employees to supply in order to carry our DEFENDANTS' business;

h.    whether DEFENDANTS violated the California Labor Code and wage orders by willfully refusing to pay all wages due;

i.    whether DEFENDANTS committed unlawful business practices in violation of §§ 17200 et seq. of the Business and Professions Code by engaging in the above practices and other violations of the California Labor Code;

j.    whether DEFENDANTS committed unfair business practices in violation of §§ 17200 et seq. of the Business and Professions Code by violating the public policies underlying the California Labor Code and/or wage orders;

k.    whether DEFENDANTS breached written or implied contractual terms with PLAINTIFF and other Class members;

l.    whether PLAINTIFF and the other Class members are entitled to damages, restitution, statutory penalties, injunctive and declaratory relief, punitive damages, attorney's fees and costs, and other relief pursuant to the FLSA, California Labor Code and wage orders, contractual causes of action, and Business and Professions Code §§ 17200 et seq.; and

m.    whether injunctive relief is required to ensure DEFENDANTS' provide employment documents to its employees upon demand.

### C.    Typicality

31.    Named PLAINTIFF'S claims are typical of those of the Class. PLAINTIFF and all Class members sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California and Federal laws, regulations, and statutes as

1  alleged herein.

2

3                          D.      Adequacy of Representation

4       32.    PLAINTIFF will fairly and adequately represent and protect the interests of the

5  members of the Class.  Counsel who represent PLAINTIFF are competent and experienced in

6  litigating wage and hour class actions.

7

8

9                          E.      Superiority of Class Action

10      33.    A class action is superior to other available means for the fair and efficient

11 adjudication of this controversy.  Individual joinder of all Class members is not practicable, and

12 questions of law and fact common to the Class predominate over any questions affecting only

13 individual members of the Class.  Each member of the Class has been damaged and is entitled to

14 recovery by reason of DEFENDANTS' unlawful policy and/or practice of failing to compensate

15 Class members for all wages earned and due, and engaging in the other unlawful practices

16 complained of herein.

17      34.    Class action treatment will allow those similarly situated persons to litigate their

18 claims in the manner that is most efficient and economical for the parties and the judicial system.

19 PLAINTIFF is unaware of any difficulties likely to be encountered in the management of this

20 lawsuit that would preclude its maintenance as a class action.

21

22                          VI.     CLAIMS FOR RELIEF

23                                  FIRST CLAIM FOR RELIEF

24                          FAILURE TO PAY OVERTIME WAGES
                  (Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))
25

26      35.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

27      36.    DEFENDANTS intentionally violated the rights of PLAINTIFF and the Class under

28

                                        - 11 -

1   FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less than one and one-half

2   times for all hours after forty hours in any given workweek during their employment with

3   DEFENDANTS.

4       37.     The violations of FLSA resulted from DEFENDANTS' following pay practices: (1)

5   paying PLAINTIFF and the Class on some basis other than for the actual hours worked; (2)

6   requiring PLAINTIFF and the Class to work off the clock during; and/or (3) failing to record

7   accurately all hours worked. As a result of these pay practices, DEFENDANTS failed to

8   compensate PLAINTIFF and the Class for all time worked or failed to compensate them at the

9   appropriate premium rate (one and one-half times the regular rate of compensation) for hours

10  worked in excess of forty in a workweek, in violation of 29 U.S.C. § 207(a).

11      35.     As a result of the FLSA violations described in this claim, PLAINTIFF and the

12  Class are entitled to recover the amount of their unpaid overtime wages, an equal amount as

13  liquidated damages, and reasonable attorneys fees and costs to be paid by DEFENDANTS

14  pursuant to 29 U.S.C. § 216(b).

15      36.     PLAINTIFF brings this claim for relief pursuant to the collective action rules under

16  29 U.S.C. § 216(b). For purposes of this claim for relief only, PLAINTIFF attaches to this

17  complaint a FLSA consent form.

18      37.     WHEREFORE, PLAINTIFF and the Class request relief as described herein and

19  below.

20

21                          SECOND CLAIM FOR RELIEF

22          FAILURE TO PAY STATE MINIMUM WAGES
            (Violation of Labor Code §§ 1194, 1194.2 1197(a) & Wage Orders)

23      38.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

24      39.     California Labor Code §1197, which is entitled "Pay of Less Than Minimum

25  Wage," states:

26          The minimum wage for employees fixed by the commission is the minimum wage
            to be paid to employees, and the payment of a less wage than the minimum so fixed
27          is unlawful.

28

                                    - 12 -

40.    The applicable minimum wage fixed by the commission in the Industrial Welfare Commission ("IWC") Wage Orders was set at six dollars and seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002, but has been recently amended. The minimum wage effective January 1, 2007 was $7.50 per hour, and the minimum wage has now been raised to $8.00 per hour, effective January 1, 2008.

41.    DEFENDANTS have failed to pay minimum wages for all hours worked. In particular, PLAINTIFF and the Class are paid at a rate that is less than the statutory minimum or are paid in cash and not informed what their rate of pay is. PLAINTIFF and the Class are also not paid on the basis of actual hours worked; nor are actual hours worked accurately recorded, since DEFENDANTS do not provide a mechanism for recording time contemporaneously as shifts actually begin and end. These practices, among others, have resulted in DEFENDANTS not paying the minimum wage for all hours worked. This violation of California minimum wage law was substantial and occurred on a daily basis due to DEFENDANTS' employment practices.

48.    The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

49.    As such, PLAINTIFF and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

50.    As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

51.    California Labor Code § 1194.2 provides that:

> In any action under Section 1194 ... to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

- 13 -

52.    As described herein, this is an action under California Labor Code §1194 to recover wages on account of DEFENDANTS' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders. Therefore, PLAINTIFF and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

53.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

## THIRD CLAIM FOR RELIEF

### FAILURE TO PAY PREMIUM OVERTIME WAGES
(Violation of Labor Code §§ 510, 1194, 1194.2 & Wage Orders)

54.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

55.    Labor Code § 510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay. The identical provision is found in the applicable Wage Orders, which are authorized under California Labor Code §1185.

56.    As described herein, DEFENDANTS violated California Labor Code § 510 and the by employing PLAINTIFF and the Class in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate.

57.    PLAINTIFF and the Class may enforce these provisions pursuant to Labor Code §1194(a) and Business and Professions Code §§17200 et seq.

58.    California Labor Code §1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

- 14 -

59.    As a result, PLAINTIFF and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit.

60.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REST AND MEAL PERIODS
### OR COMPENSATION IN LIEU THEREOF
(Violation of Labor Code §§ 226.7, 512 & Wage Orders)

1.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

2.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

3.    The applicable Wage Order states with regards to meal periods:

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

A similar provision is contained at California Labor Code §512.

- 15 -

4.     In this case, there was no mutual waiver of meal period and employees worked for periods of more than five hours without a meal period of 30 minutes.  As noted above, DEFENDANTS violated California Labor Code §226.7 by failing to provide meal periods mandated by Labor Code §226.7 and the Wage Orders.  As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that the meal periods were not provided.

5.     The Wage Orders state with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

6.     On information and belief, during the past four years DEFENDANTS did not authorize or permit PLAINTIFF and the Class to take rest periods.

7.     As noted above, DEFENDANTS violated California Labor code §226.7 by failing to provide the meal and rest periods mandated by Labor Code §226.7 and the Wage Order, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period is not provided.

8.     PLAINTIFF and the Class did not voluntarily or willfully waive rest and/or meal periods.  Any express or implied waivers obtained from PLAINTIFF and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

- 16 -

9.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFF and the CLASS and made it difficult to calculate the unpaid rest and meal period compensation due PLAINTIFF and the Class.

10.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§203, 226, 226.7, 512, 1194, and the Wage Orders.

11.    WHEREFORE, PLAINTIFF and the Class requests relief from DEFENDANTS as described herein and below.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code §§ 226, 226.6 & Wage Orders)

62.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

63.    77.    California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years

- 17 -

1          at the place of employment or at a central location within the State of
           California.
2

3      64.     DEFENDANTS have failed to provide PLAINTIFF and, on information and belief,

4  Class members accurate itemized wage statements that include the gross wages earned, total hours

5  worked, piece rates if any, all deductions, net wages earned, pay period dates, name of employee,

6  name address of the legal entity that is the employer, and all applicable hourly rates in effect during

7  the pay period, as mandated by Labor Code § 226 and the applicable Wage Orders.

8      65.     As a result of DEFENDANTS' violations of the minimum wage statutes,

9  DEFENDANTS violated California Labor Code §226(a), inaccurately stating gross wages earned,

10 total hours worked, deductions, net wages and other issues as described above.

11     66.     As a result of DEFENDANTS' violations of the overtime   wage statutes,

12 DEFENDANTS violated California Labor Code §226(a), inaccurately stating gross wages earned,

13 total hours worked, deductions, net wages and other issues as described above.

14     67.     By knowingly and intentionally failing to provide PLAINTIFF and Class members

15 itemized wage statements in conformance with Labor Code § 226, DEFENDANTS have violated

16 Labor Code § 226.6, which is a misdemeanor punishable by fine and/or prison.

17         68. California Labor Code §226.6 states:

18         Any employer who knowingly and intentionally violates the provisions of Section
           226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the
19         control, receipt, custody, or disposal of, or pays, the wages due any employee, and
           who knowingly and intentionally participates or aids in the violation of any
20         provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction
           thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned
21         not to exceed one year, or both, at the discretion of the court.  That fine or
           imprisonment, or both, shall be in addition to any other penalty provided by law.
22

23     69.     DEFENDANTS have the ability to provide PLAINTIFF and the Class itemized

24 wage statements mandated by Labor Code § 226, but have knowingly and intentionally refused to

25 do so, in violation of Labor Code § 226.6.

26     70.     DEFENDANTS have the ability to pay all wages due for all time worked, but have

27 willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness

28

1  to PLAINTIFF and the Class, and intending to annoy harass, oppress, hinder delay or defraud

2  PLAINTIFF and the Class, in violation of California Labor Code §226.6.

3      71.    DEFENDANTS' violation of § 226 also constitutes a predicate violation of

4  California Business & Profession Code §§ 17200.

5      72.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

6  below.

7

8

9                           SIXTH CLAIM FOR RELIEF

10      FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES INCURRED
                (Violation of Labor Code § 2802 & Wage Orders)

11      73.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

12      74.    At all times relevant to this complaint, DEFENDANTS required PLAINTIFF and

13  Class members to purchase and use specific work-boots and other attire, but were not reimbursed

14  for the cost of such necessary work expenses.

15      75.    As such, DEFENDANTS have violated Labor Code § 2802 and the applicable

16  Wage Orders by failing to reimburse PLAINTIFF and the Class for the expense of purchasing

17  required work-boots and other work attire.

18      76.    By not providing the company-required work-boots or other work attire, or

19  reimbursing the employees for expenses incurred to acquire them, DEFENDANTS have

20  unlawfully and intentionally taken and converted the property of PLAINTIFF and Class members

21  for their own use. As a result, PLAINTIFF and Class members have been denied use and

22  enjoyment of their property and have been otherwise damaged in an amount to be proven at trial.

23      77.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

24  below.

25

26                           SEVENTH CLAIM FOR RELIEF

27                           BREACH OF CONTRACT
        (Violation of California Common Law & Labor Code §§ 223, 225, 226 & 206.5, FLSA)

28

                                - 19 -

78.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

79.    DEFENDANTS entered into a written and implied employment contract with PLAINTIFF and the Class, whereby DEFENDANTS implicitly or by operation of law promised to pay PLAINTIFF and the Class in conformance with the State's minimum wage requirements. Evidence of the hourly rates are contained in the applicable Wage Orders, which are incorporated into the agreement by implication or operation of law.  Further, all applicable sections of the FLSA, California Labor Code are also incorporated by operation of law into said employment contracts with PLAINTIFF and the Class, including all remedies and penalties.

80.    DEFENDANTS breached the contract of employment into which they entered with the PLAINTIFF and the Class by failing to comply with the promised terms and conditions of employment and by failing to comply with Federal and California wage and hour law.

81.    PLAINTIFF and the Class were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract during their terms of employment.

82.    As a direct consequence of DEFENDANTS' breach of the employment contract, PLAINTIFF and the Class suffered substantial injury.

83.    DEFENDANTS are liable to PLAINTIFF and the Class for actual, incidental, liquidated, consequential damages and all California wage and hour law remedies incorporated into the contract by operation of law.

84.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.


### EIGHTH CLAIM FOR RELIEF

#### VIOLATION OF UNFAIR COMPETITION LAW
(California Business & Professions Code §§ 17200 et seq.)

85.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

1       86.   On information and belief, and at all times relevant, PLAINTIFF alleges that

2 DEFENDANTS, by and through their policies and practices, engaged in unlawful activity

3 prohibited by Business and Professions Code §§ 17200 et seq., including the following:

4               a.  failure to pay the minimum statutory wage to employees, including

5                   PLAINTIFF and the Class, by not paying for all hours worked or paying

6                   below the California minimum wage rate, in violation of Labor Code §§

7                   1194, 1197 and the applicable Wage Orders;

8               b.  failure to compensate PLAINTIFF and the Class at the appropriate premium

9                   overtime wage for all hours worked, i.e., DEFENDANTS failed to account

10                   for overtime hours or to pay overtime premium wages of one-and-one-half

11                   (1 ½) the regular rate of pay for work in excess of eight (8) hours in one day,

12                   forty (40) hours in one week or on the seventh (7th) consecutive day of

13                   work; and failed to pay doubletime premium wages for all hours worked in

14                   excess of twelve (12) hours in one day and in excess of eight (8) hours on

15                   the seventh (7th) consecutive day of work, in violation of §§510, 1194 and

16                   the applicable Wage Orders;

17               c.  failure to authorize, permit and/or provide their hourly employees, including

18                   PLAINTIFF and Class members, rest periods of at least ten (10) minutes per

19                   four (4) hours of work, or major fraction thereof, or to pay such employees

20                   one (1) hour of additional wages at the employees regular rate of

21                   compensation for each workday that the rest period is not provided, as

22                   required by Labor Code §226.7 and the applicable Wage Orders;

23               d.  failure to provide accurate itemized wage statements to PLAINTIFF and the

24                   Class, as mandated by Labor Code § 226 and the applicable Wage Orders;

25               e.  failure to reimburse employees, including PLAINTIFF and the Class, for

26                   boots and other attire they were required to purchase and use as a condition

27

28

Class Action Complaint – Demand for Jury Trial

1    of employment, in violation of Labor Code § 2802 and the applicable Wage

2    Orders; and

3    f.  failure to pay employees, including PLAINTIFF and the Class, in

4    accordance with the promised terms of employment under California and

5    Federal law.

6    87.    DEFENDANTS' actions as alleged herein constitute false, fraudulent, unlawful,

7    unfair, and deceptive business practices, within the meaning of Business and Professions Code §§

8    17200 et seq. PLAINTIFF and, on information and belief, the Class he seeks to represent have

9    suffered injury in fact and have lost money or property as a result of such unfair competition.

10    88.    PLAINTIFF and the Class are entitled to an injunction and other equitable relief

11    against such unlawful practices to prevent future damage, for which there is no adequate remedy at

12    law, and to avoid a multiplicity of lawsuits.

13    89.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap

14    unfair benefits and unlawful profits at the expense of PLAINTIFF and the Class. DEFENDANTS

15    should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to

16    PLAINTIFF and Class members the wrongfully withheld wages, pursuant to Business and

17    Professions Code § 17203 and the penalties provision of § 17202.

18    90.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

19    have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and

20    deceptive business practices as alleged throughout this Complaint. PLAINTIFF is further informed

21    and believes, and thereon alleges, that PLAINTIFF and Class members are prejudiced by

22    DEFENDANTS' unfair trade practices.

23    91.    As a direct and proximate result of DEFENDANTS' unfair business practices,

24    PLAINTIFF, individually and on behalf of all employees similarly situated, are entitled to

25    equitable and injunctive relief, including full restitution and/or disgorgement of all wages which

26    have been unlawfully withheld from PLAINTIFF and the Class as a result of the business acts and

27

28

- 22 -

1    practices described herein, and enjoinment of DEFENDANTS to cease and desist from engaging in

2    the practices described herein.

3        92.    As a direct and proximate result of DEFENDANTS' unfair business practices,

4    PLAINTIFF and all Class members are entitled, in accordance with Business and Professions Code

5    § 17202, to enforcement of penalties resulting from the business acts and practices described

6    herein, and entitled to enjoinment of DEFENDANTS to cease and desist from engaging in the

7    practices described herein.

8        93.    On information and belief, the unlawful conduct alleged herein is continuing, and

9    there is no indication that DEFENDANTS will cease such activity into the future. PLAINTIFF

10   alleges that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they

11   will continue their practice of failing to properly compensate non-exempt employees for all

12   minimum and premium overtime wages owed; provide accurate wage statements; provide rest

13   periods or compensation in lieu thereof; and reimburse employees for necessary expenses.

14       94.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

15   below and as deemed just and proper by this Court.

16
                    **VII.    PRAYER**
17
     WHEREFORE, PLAINTIFF prays for judgment as follows:

18       A.    That the Court determine that this action may be maintained as a class action;

19       B.    For the attorneys appearing on the above caption to be named class counsel;

20       C.    For compensatory damages in an amount according to proof with interest thereon;

21       D.    For economic and/or special damages in an amount according to proof with interest

22   thereon;

23       E.    That DEFENDANTS be found to have engaged in unfair competition in violation of

24   California Business and Professions Code §§ 17200 et seq.;

25       F.    That DEFENDANTS be ordered and enjoined to make restitution to PLAINTIFF

26   and the Class due to their unfair competition, including disgorgement of their wrongfully-obtained

27   revenues, earnings, profits, compensation and benefits pursuant to California Business and

28   Professions Code §§ 17203 & 17204;

- 23 -

G. That DEFENDANTS be ordered and enjoined to pay all applicable penalties to Plaintiff and the Plaintiff Class due to their unfair competition pursuant to California Business and Professions Code § 17202;

H. That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

I. That DEFENDANTS further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code §§ 17200 et seq.;

J. That DEFENDANTS be enjoined from further acts of restraint of trade or unfair competition;

K. For payment of additional hour wages for each rest and meal periods DEFENDANTS denied Plaintiffs and the Class in accordance with Labor Code §226.7, applicable Industrial Welfare Commission Wage Orders, and California Business and Professions Code § 17203;

L. For reimbursement of necessary expenses incurred in the discharge of PLAINTIFF'S and the Class' duties;

M. For payment of overtime wages, pursuant to 29 U.S.C. § 207 and Labor Code §§ 510, 1194, 1194.2 & Wage Orders, and liquidated damages pursuant to 29 U.S.C. § 216(b);

N. For payment of minimum wages and liquidated damages pursuant to Labor Code §§ 1194, 1194.2 1197(a) & Wage Orders;

O. For punitive damages;

P. For interests, attorneys' fees and cost of suit under Labor Code § 2802, and Code of Civil Procedure § 1021.5; and

Q. For an order imposing an asset freeze in constructive trust of DEFENDANTS' ill-gotten gains, and enjoining DEFENDANTS from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or fraudulent acts or practices;

R. That DEFENDANTS be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Labor Code sections and Industrial Welfare Commission Wage Orders related to payment of wages;

S.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Respectfully Submitted,

Dated: April 21, 2008                    LAW OFFICES OF MALLISON & MARTINEZ

By: _____
Stan S. Mallison
Héctor R. Martinez
Attorneys for Plaintiff OCHOA-HERNANDEZ, on
behalf of himself and for the benefit of all other
similarly situated individuals employed by
DEFENDANTS

- 25 -

## CONSENT TO JOIN THE LAWSUIT AGAINST

### Ramon Ochoa-Hernandez v. CJADERS Foods, Inc. et al.

I consent to join as a plaintiff in the action against  CJADERS Foods, Inc. et al.
(hereinafter collectively referred to as "Defendants") to recover unpaid overtime wages
under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 207 and 216; unpaid wages
and penalties under the California Labor Code §§ 200 *et seq.*; penalties under California
Labor Code §§ 2698 *et seq.*; restitution and injunctive relief under the California
Business and Professions Code §§ 17200 *et seq.*; relief under California contract and
common law; attorneys' fees and costs; and other appropriate relief. I understand that the
lawsuit will be prosecuted as a class, collective action and/or representative action on
behalf of myself and other similarly situated non-exempt employees.

I hereby designate my retained counsel, the Law Offices of Mallison & Martinez,
to represent me in an action against Defendants. My counsel may be contacted at:

LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, California 94549
Telephone:     (925) 283-3842
Facsimile:     (925) 283-3426

Dated: 04 / 17 / 08          Signature: *Ramon Ochoa Hernandez*
                                        Ramon Ochoa-Hernandez