THEODORA R. LEE, Bar No. 129892
RICHARD H. RAHM, Bar No. 130728
KAI-CHING CHA, Bar No. 218738
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940

Attorneys for Defendant
CJADERS FOODS, INC. DBA COUNTY SQUARE MARKET

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMON OCHOA-HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CJADERS FOODS, INC., a California corporation dba COUNTY SQUARE MARKET and COUNTRY SQUARE MARKET; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  C 08-02073 EMC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CJADERS FOODS, INC. DBA COUNTY SQUARE MARKET TO CLASS ACTION COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO
CLASS ACTION COMPLAINT

Case No.  C 08-02073 EMC

Defendant CJADERS Foods, Inc, dba "County Square Market" and "Country Square Market" ("County Square" or "Defendant"), hereby answers and asserts its affirmative defenses to the Class Action Complaint (the "Complaint") of Plaintiff Ramon Ochoa-Hernandez ("Plaintiff") as follows:

## ANSWER TO THE COMPLAINT

1. County Square admits that Plaintiff filed a purported class action lawsuit against County Square. County Square also admits that Plaintiff is a former employee of County Square. Except as expressly admitted, County Square denies all the other allegations contained in Paragraph 1 and alleges that this matter is not suitable for class treatment.

2. County Square admits that Plaintiff purports to assert claims pursuant to federal and California law, but County Square denies that Plaintiff is entitled to any such relief. With respect to the remaining allegations in Paragraph 2, County Square lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

3. County Square Market denies the allegations contained in Paragraph 3.

### I. NATURE OF THE ACTION

4. County Square denies that Plaintiff is entitled is any relief under California or federal laws. County Square admits that Plaintiff filed a purported class action lawsuit against Defendant. Defendant also admits that Plaintiff is a former employee of County Square. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 4 and alleges that this matter is not suitable for class treatment.

5. County Square admits Plaintiff seeks to recover from County Square alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and the California Labor Code. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 5. Furthermore, County Square alleges that this matter is not suitable for class treatment.

6. County Square admits that Plaintiff purports to assert claims pursuant to the FLSA and the California Labor Code to recover wages, penalties, injunctive and other relief, but County Square denies that Plaintiff is entitled to any such relief. Furthermore, County Square

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    1.    Case No. C 08-02073 EMC

1  alleges that this matter is not suitable for class treatment.

2       7.    County Square Market admits Plaintiff seeks injunctive and declaratory relief. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 7.

## II.    PARTIES

     8.    County Square Market admits that Plaintiff is a former employee of County Square. Plaintiff's allegation regarding his residence does not require Defendant's response. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 8.

     9.    County Square lacks knowledge or information sufficient to form a belief as to Plaintiff's information and belief. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 2 and alleges that this matter is not suitable for class treatment.

     10.    County Square admits it is a California corporation that operates supermarkets under the fictitious names "County Square Market" and "Country Square Market." County Square admits that Plaintiff is a former employee. County Square admits that its corporate address is 510 Contra Costa Blvd., Pleasant Hill, CA 94523. County Square admits that Ann Lewald and 510 Contra Costa Blvd., Pleasant Hill, CA 94523 is the name and address of County Square Market's agent for service of process. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 10.

     11.    County Square admits the allegations contained in Paragraph 11.

     12.    County Square admits that Plaintiff is a former employee of County Square. County Square admits that the court possess subject matter jurisdiction over this action, but County Square denies that Plaintiff is entitled to any relief under the FLSA. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 12 and alleges that this matter is not suitable for class treatment.

     13.    The allegations in Paragraph 13 contain statements to which no response to required. To the extent that a response is required, County Square denies the allegations contained in Paragraph 13.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT     2.     Case No. C 08-02073 EMC

### III. JURISDICTION AND VENUE

14. County Square admits that the Court possesses subject matter jurisdiction over this action, but County Square denies that Plaintiff is entitled to any relief under the FLSA.

15. County Square admits that the Court possesses supplemental jurisdiction over the California state-law claims, but County Square denies that Plaintiff is entitled to any relief under the provisions of the California Labor Code. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 15.

16. County Square admits that venue is proper in this District. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 16.

### IV. INTRADISTRICT ASSIGNMENT

17. County Square admits that this case is properly assigned to the Oakland Division of the Northern District. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 17.

### V. FACTUAL ALLEGATIONS

18. County Square denies the allegations contained in Paragraph 18.

19. County Square denies that it engaged, or continues to engage, in unlawful practices and policies in violation of Federal or California wage and hour laws. Furthermore, County Square alleges that this matter is not suitable for class treatment.

    a. County Square denies the allegations contained in Paragraph 19(a).

    b. County Square denies the allegations contained in Paragraph 19(b).

    c. County Square denies the allegations contained in Paragraph 19(c).

    d. County Square admits it repeatedly requested Plaintiff's W-4 form and failed to provide Plaintiff with itemized wage statements due to his refusal to provide County Square with his W-4 form. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 19(d).

    e. County Square denies the allegations contained in Paragraph 19(e).

    f. County Square denies the allegations contained in Paragraph 19(f).

    g. County Square denies the allegations contained in Paragraph 19(g).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT — 3. — Case No. C 08-02073 EMC

        h.     County Square denies the allegations contained in Paragraph 19(h).

20.    County Square denies the allegations contained in Paragraph 20.

21.    County Square admits it kept records of employee schedules reflecting hours worked for 2007 and 2008. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 21.

22.    County Square admits that Plaintiff is a former employee of County Square. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 22.

23.    County Square admits that Plaintiff filed a purported class action lawsuit against County Square. County Square admits that Plaintiff purports to assert claims pursuant to the FLSA and the California Labor Code to recover overtime and minimum wages, rest and meal period compensation, statutory penalties, liquidated damages, expenses declaratory, injunctive and other relief, and attorney's fees and costs, but County Square denies that Plaintiff is entitled to any such relief. Furthermore, County Square alleges that this matter is not suitable for class treatment. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 23.

24.    County Square admits that Plaintiff seeks contractual damages but denies that Plaintiff is entitled to any such relief. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 24.

25.    County Square admits that Plaintiff seeks injunctive relief, declaratory relief, restitution, and restitutionary disgorgement pursuant to the Business and Professions Code §§ 17200 et seq (the "UCL"), but denies that Plaintiff is entitled to any such relief. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 25.

## VI.   CLASS ACTION ALLEGATIONS

26.    The allegations in Paragraph 26 contain statements to which no response is required. To the extent that a response is required, County Square denies the allegations contained in Paragraph 26.

27.    The allegations in Paragraph 27 contain statements to which no response is required. To the extent that a response is required, County Square denies the allegations contained in Paragraph 27.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT     4.     Case No. C 08-02073 EMC

28. County Square denies the allegations contained in Paragraph 28 and alleges that this matter is not suitable for class treatment.

### A. Numerosity

29. County Square denies the allegations contained in Paragraph 29 and alleges that this matter is not suitable for class treatment.

### B. Commonality

30. County Square denies the allegations contained in Paragraph 30 and alleges that this matter is not suitable for class treatment.

    a. County Square denies the allegations contained in Paragraph 30(a).
    b. County Square denies the allegations contained in Paragraph 30(b).
    c. County Square denies the allegations contained in Paragraph 30(c).
    d. County Square denies the allegations contained in Paragraph 30(d).
    e. County Square denies the allegations contained in Paragraph 30(e).
    f. County Square denies the allegations contained in Paragraph 30(f).
    g. County Square denies the allegations contained in Paragraph 30(g).
    h. County Square denies the allegations contained in Paragraph 30(h).
    i. County Square denies the allegations contained in Paragraph 30(i).
    j. County Square denies the allegations contained in Paragraph 30(j).
    k. County Square denies the allegations contained in Paragraph 30(k).
    l. County Square denies the allegations contained in Paragraph 30(l).
    m. County Square denies the allegations contained in Paragraph 30(m).

### C. Typicality

31. County Square denies the allegations contained in Paragraph 31 and alleges that this matter is not suitable for class treatment.

### D. Adequacy of Representation

32. County Square denies the allegations contained in Paragraph 32 and alleges that this matter is not suitable for class treatment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT     5.     Case No. C 08-02073 EMC

### E. Superiority of Class Action

33. County Square denies the allegations contained in Paragraph 33 and alleges that this matter is not suitable for class treatment.

34. County Square denies the allegations contained in Paragraph 34 and alleges that this matter is not suitable for class treatment.

### VI. CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF

FAILURE TO PAY OVERTIME WAGE
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))

35. County Square incorporates its responses to Paragraphs 1-34.

36. County Square denies the allegations contained in Paragraph 36.

37. County Square denies the allegations contained in Paragraph 37.

38. County Square denies the allegations contained in Paragraph 35.

39. County Square denies the allegations contained in Paragraph 36.

40. In response to Paragraph 37, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

#### SECOND CLAIM FOR RELIEF

FAILURE TO PAY STATE MINIMUM WAGES
(Violation of Labor Code §§ 1194, 1194.2, 1197(a) & Wage Orders)

41. County Square incorporates its responses to Paragraphs 1-40.

42. County Square cannot admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

43. County Square cannot admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    6.    Case No. C 08-02073 EMC

44. County Square denies the allegations contained in Paragraph 41.

45. County Square cannot admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

46. In response to Paragraph 49, County Square admits that Plaintiff purports to assert claims pursuant the California Labor Code to recover wages, interest, costs of suit and attorney's fees, but County Square denies that Plaintiff is entitled to any such relief.

47. County Square cannot admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

48. County Square cannot admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

49. In response to Paragraph 52, County Square admits that Plaintiff purports to assert claims pursuant the California Labor Code§ 1194 to recover liquidated damages, but County Square denies that Plaintiff is entitled to any such relief.

50. In response to Paragraph 53, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## THIRD CLAIM FOR RELIEF

FAILURE TO PAY PREMIUM OVERTIME WAGES
(Violation of Labor Code §§ 510, 1194, 1194.2 & Wage Orders)

51. County Square incorporates its responses to Paragraphs 1-50.

52. County Square cannot admit or deny the allegations in Paragraph 55 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

53. County Square denies the allegations contained in Paragraph 56.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT 7. Case No. C 08-02073 EMC

54. County Square cannot admit or deny the allegations in Paragraph 57 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

55. County Square cannot admit or deny the allegations in Paragraph 58 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

56. County Square denies the allegations contained in Paragraph 59.

57. In response to Paragraph 60, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## FOURTH CLAIM FOR RELIEF

FAILURE TO PROVIDE REST AND MEAL PERIODS
OR COMPENSATION IN LIEU THEREOF
(Violation of Labor Code §§ 226.7, 512 & Wage Orders)

58. In response to Plaintiff's Complaint Paragraph 1, County Square incorporates its responses to Paragraphs 1-57.

59. County Square cannot admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

60. County Square cannot admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

61. County Square denies the allegations contained in Paragraph 4.

62. County Square cannot admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

63. County Square denies the allegations contained in Paragraph 6.

64. County Square denies the allegations contained in Paragraph 7.

65. County Square denies the allegations contained in Paragraph 8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    8.    Case No. C 08-02073 EMC

66. County Square denies the allegations contained in Paragraph 9.

67. County Square denies the allegations contained in Paragraph 10.

68. In response to Paragraph 11, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

### FIFTH CLAIM FOR RELIEF

FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code §§ 226, 226.6 & Wage Orders)

69. In response to Plaintiff's Complaint Paragraph 62, County Square incorporates its responses to Paragraphs 1-68.

70. County Square cannot admit or deny the allegations in Paragraph 63 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

71. In response to Paragraph 64, County Square admits it repeatedly requested Plaintiff's W-4 form, who refused to provide County Square with such W-4 form such that a wage statement could be generated. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 64.

72. County Square denies the allegations contained in Paragraph 65.

73. County Square denies the allegations contained in Paragraph 66.

74. County Square denies the allegations contained in Paragraph 67.

75. County Square cannot admit or deny the allegations in Paragraph 68 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

76. County Square denies the allegations contained in Paragraph 69.

77. County Square denies the allegations contained in Paragraph 70.

78. County Square denies the allegations contained in Paragraph 71.

79. In response to Paragraph 72, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    9.    Case No. C 08-02073 EMC

illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## SIXTH CLAIM FOR RELIEF

FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES INCURRED
(Violation of Labor Code § 2802 & Wage Orders)

80. In response to Plaintiff's Complaint Paragraph 73, County Square incorporates its responses to Paragraphs 1-79.

81. County Square denies the allegations contained in Paragraph 74.

82. County Square denies the allegations contained in Paragraph 75.

83. County Square denies the allegations contained in Paragraph 76.

84. In response to Paragraph 77, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## SEVENTH CLAIM FOR RELIEF

BREACH OF CONTRACT
(Violation of California Common Law & Labor Code §§ 223, 225, 226 & 206.5, FLSA)

85. In response to Plaintiff's Complaint Paragraph 78, County Square incorporates its responses to Paragraphs 1-84.

86. County Square denies the allegations contained in Paragraph 79.

87. County Square denies the allegations contained in Paragraph 80.

88. County Square denies the allegations contained in Paragraph 81. County Square alleges that it repeatedly requested Plaintiff to provide his W-4 and Plaintiff refused to do so.

89. County Square denies the allegations contained in Paragraph 82.

90. County Square denies the allegations contained in Paragraph 83.

91. In response to Paragraph 84, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT   10.   Case No. C 08-02073 EMC

## EIGHTH CLAIM FOR RELIEF

VIOLATION OF UNFAIR COMPETITION LAW
(California Business & Professions Code §§ 17200 et seq.)

92. In response to Plaintiff's Complaint Paragraph 85, County Square incorporates its responses to Paragraphs 1-91.

93. County Square denies the allegations contained in Paragraph 86.

    a. County Square denies the allegations contained in Paragraph 86(a).

    b. County Square denies the allegations contained in Paragraph 86(b).

    c. County Square denies the allegations contained in Paragraph 86(c).

    d. County Square admits it repeatedly requested Plaintiff's W-4 form and failed to provide Plaintiff with itemized wage statements due to his refusal to provide County Square with such W-4 form. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 86(d).

    e. County Square denies the allegations contained in Paragraph 86(e).

    f. County Square denies the allegations contained in Paragraph 86(f).

94. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 87.

95. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 88.

96. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 89.

97. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 90.

98. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 91.

99. County Square denies the allegations contained in Plaintiff's Complaint Paragraph 92.

100. County Square denies the allegations contained in Plaintiff's Complaint

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    11.    Case No. C 08-02073 EMC

Paragraph 93.

101.    In response to Paragraph 94, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, County Square alleges the following defenses. In asserting these defenses, County Square does not assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to prove.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.    As a separate and distinct affirmative defense, County Square alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Class Action – Certification Prerequisites)

2.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

### THIRD AFFIRMATIVE DEFENSE
(Class Action – Standing)

3.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

### FOURTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Predominance)

4.    As a separate and distinct affirmative defense, County Square alleges that the types of claims alleged by Plaintiff on behalf of himself and/or the alleged putative group he purports to represent are matters in which individual questions predominate and thus are not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO
CLASS ACTION COMPLAINT                    12.                    Case No. C 08-02073 EMC

appropriate for class treatment.

### FIFTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Numerosity)

5. As a separate and distinct affirmative defense, County Square alleges that the alleged putative group that Plaintiff purports to represent is not so numerous that joinder is impossible.

### SIXTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Commonality)

6. As a separate and distinct affirmative defense, County Square alleges that Plaintiff is not similarly situated to other potential members of the alleged putative group he purports to represent and thus is an inadequate representative of the alleged putative group.

### SEVENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Typicality)

7. As a separate and distinct affirmative defense, County Square alleges that certain of the interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

### EIGHTH AFFIRMATIVE DEFENSE
(Class Action – Inadequate Representation)

8. As a separate and distinct affirmative defense, County Square alleges that Plaintiff is not similarly situated to other potential members of the alleged putative group he purports to represent and thus is an inadequate representative of the alleged putative group.

### NINTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Superiority)

9. As a separate and distinct affirmative defense, County Square alleges that Plaintiff has not shown and cannot show that class treatment of the purported causes of action in his Complaint is superior to other methods of adjudicating the controversy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    13.    Case No. C 08-02073 EMC

### TENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Manageability)

10. As a separate and distinct affirmative defense, County Square alleges that the Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

### ELEVENTH AFFIRMATIVE DEFENSE
(Class Action – Violation of Due Process)

11. As a separate and distinct affirmative defense, County Square alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of County Square's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. County Square reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

12. As a separate and distinct affirmative defense, County Square is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and County Square had reasonable grounds for believing that policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff is not entitled to any damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226, 226.7, 510, 512 and 1194 – No Private Right of Action)

13. As a separate and distinct affirmative defense, County Square alleges that there is no private right of action for an employee to recover damages under Sections 226, 226.7, 510, 512 and 1194 of the California Labor Code.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO
CLASS ACTION COMPLAINT                    14.                    Case No. C 08-02073 EMC

### FOURTEENTH AFFIRMATIVE DEFENSE
(Consent)

14. As a separate and distinct affirmative defense, County Square alleges that the Complaint is barred, in whole or in part to the extent that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Unconstitutional Wage Order)

15. As a separate and distinct affirmative defense, County Square alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage order(s) of the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violates County Square's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

16. As a separate and distinct affirmative defense, County Square alleges that Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages pursuant to Section 3294 of the California Civil Code, violates County Square's rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226.7 and 512 – Compliance with Obligations)

17. As a separate and distinct affirmative defense, County Square alleges that it acted in a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including Sections 226.7 and 512 thereof, as to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(No Failure To Provide Meal Periods)

18. As a separate and distinct affirmative defense, County Square alleges that it

was not required to and/or did not fail to provide meal periods pursuant to the California Labor Code, applicable wage orders issued by the Industrial Welfare Commission, or any other basis.

### NINETEENTH AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 – Violates Due Process)

19. As a separate and distinct affirmative defense, County Square alleges that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would constitute a denial of County Square's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 – No Penalties)

20. As a separate and distinct affirmative defense, County Square alleges that Plaintiff cannot recover waiting time or other penalties, under California Business and Professions Code section 17200 et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Bus & Prof. Code § 17200 – No Violation)

21. As a separate and affirmative defense, County Square alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200 et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Penalties Barred)

22. As a separate and distinct affirmative defense, County Square alleges that Plaintiff's prayer for restitution pursuant to Business and Professions Code section 17200 et seq. is barred with respect to penalties of any nature.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Discontinued Violations)

23. As a separate and distinct affirmative defense, County Square alleges that

Plaintiff's prayer for restitution or injunctive relief under California Business and Professions Code § 17200 *et seq.*, is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Labor Code § 226 – Lack of Injury)

24. As a separate and distinctive affirmative defense, County Square alleges that Plaintiff sustained no injury from any alleged failure by County Square to comply with Labor Code section 226.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Labor Code § 226.3 – Lack of Standing)

25. As a separate and distinct affirmative defense, County Square alleges that Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the monetary penalties sought in the Complaint, including, but not limited to those penalties claimed pursuant to California Labor Code section 226.3, as such penalties may only be imposed in a proceeding brought by the California Labor Commission.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim for Attorneys' Fees and Costs)

26. As a separate and distinct affirmative defense, County Square alleges that Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Lack of Specificity)

27. As a separate and distinct affirmative defense, County Square alleges that Plaintiff has failed to allege special damages with requisite specificity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

28. As a separate and distinct affirmative defense, County Square alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT    17.    Case No. C 08-02073 EMC

applicable statute(s) of limitation, including without limitation, the three-year limitations period contained in California Code of Civil Procedure section 338(a); the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(a); and/or the four year limitations period found in Business and Professions Code section 17208.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Liquidated Damages)

29. As a separate and distinct affirmative defense, County Square alleges that it had a good faith and reasonable belief that it was in compliance with applicable law and that, accordingly no liquidated damages should be awarded Plaintiff for any violation thereof that may be found to exist.

### THIRTIETH AFFIRMATIVE DEFENSE
(Mitigation of Damages)

30. As a separate and distinct affirmative defense, County Square alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has failed to exercise reasonable care to mitigate his damage, if any were suffered, and that his right to recover against County Square should be reduced and/or eliminated by such a failure.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Avoidable Consequences)

31. As a separate and distinct affirmative defense, County Square alleges that each purported cause of action contained in the complaint, or some of the causes of action, are barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine because County Square took reasonable steps to prevent and correct improper wage payments. Plaintiff unreasonably failed to use the preventative and corrective opportunities provide to him by County Square, and reasonable use of County Square's procedures would have prevented at least some, if not all, of the harm that Plaintiff allegedly suffered.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT     18.     Case No. C 08-02073 EMC

THIRTY-SECOND AFFIRMATIVE DEFENSE
(No Proximate Cause)

32. As a separate and distinct affirmative defense, County Square alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by County Square.

THIRTY-THIRD AFFIRMATIVE DEFENSE
(Failure by Plaintiff to Follow Directions)

33. As a separate and distinct affirmative defense, County Square alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any failure on Plaintiff's part to take meal and rest breaks, to comply with Defendant's work-time recording, expense report and reimbursement and overtime polices and requirements, was the result of failure by Plaintiff to follow Defendant's reasonable instructions.

THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Laches, Waiver, Estoppel and Unclean Hands)

34. As a separate and distinct affirmative defense, County Square alleges that some or all of the purported cause of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, avoidable consequences, waiver, estoppel and/or unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, County Square prays for relief as set forth below:

1. Plaintiff takes nothing by the Complaint and the Complaint be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other and further relief as this Court deems proper.

Dated: July 8, 2008

/s/ Richard H. Rahm
RICHARD H. RAHM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CJADERS FOODS, INC. DBA COUNTY SQUARE MARKET

Firmwide:85709133.2 059732.1001

ANSWER OF CJADERS FOODS, INC. TO CLASS ACTION COMPLAINT   19.   Case No. C 08-02073 EMC