THEODORA R. LEE, Bar No. 129892
RICHARD H. RAHM, Bar No. 130728
KAI-CHING CHA, Bar No. 218738
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Emails: TLee@littler.com
        RRahm@littler.com
        KCha@littler.com

PETER M. STANWYCK, Bar No. 51640
Tribune Tower, 20th Floor
409 - 13th Street
Oakland, California 94612
Tel.: (510) 444-5082
Fax: (510) 834-0701
Email: Peter@stanwycklaw.com

Attorneys for Defendant
CJADERS FOODS, INC. DBA COUNTY
SQUARE MARKET

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON OCHOA-HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CJADERS FOODS, INC., a California corporation dba COUNTY SQUARE MARKET and COUNTRY SQUARE MARKET; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 08-02073 MGP<br><br>**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CJADERS FOODS, INC. DBA COUNTY SQUARE MARKET TO CLASS ACTION COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS

Case No. C 08-02073 EMC

1   Defendant CJADERS Foods, Inc, dba "County Square Market" and "Country Square

2   Market" ("County Square" or "Defendant"), by and through their attorneys of record, Littler

3   Mendelson, P.C. and Peter M. Stanwyck, Esq., hereby submit their first amended answers and

4   asserts its affirmative defenses to the Class Action Complaint (the "Complaint") of Plaintiff Ramon

5   Ochoa-Hernandez ("Plaintiff") as follows:

6                          **ANSWER TO THE COMPLAINT**

7          1.      County Square admits that Plaintiff filed a purported class action lawsuit

8   against County Square.  County Square also admits that Plaintiff is a former employee of County

9   Square.  Except as expressly admitted, County Square denies all the other allegations contained in

10  Paragraph 1 and alleges that this matter is not suitable for class treatment.

11         2.      County Square admits that Plaintiff purports to assert claims pursuant to

12  federal and California law, but County Square denies that Plaintiff is entitled to any such relief.

13  With respect to the remaining allegations in Paragraph 2, County Square lacks knowledge or

14  information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

15         3.      County Square Market denies the allegations contained in Paragraph 3.

16              **I.      NATURE OF THE ACTION**

17         4.      County Square denies that Plaintiff is entitled is any relief under California or

18  federal laws.  County Square admits that Plaintiff filed a purported class action lawsuit against

19  Defendant.  Defendant also admits that Plaintiff is a former employee of County Square.  Except as

20  expressly admitted, County Square denies all other allegations contained in Paragraph 4 and alleges

21  that this matter is not suitable for class treatment.

22         5.      County Square admits Plaintiff seeks to recover from County Square alleging

23  violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and the

24  California Labor Code.  Except as expressly admitted, County Square denies all other allegations

25  contained in Paragraph 5.   Furthermore, County Square alleges that this matter is not suitable for

26  class treatment.

27         6.      County Square admits that Plaintiff purports to assert claims pursuant to the

28  FLSA and the California Labor Code to recover wages, penalties, injunctive and other relief, but

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                    1.                         Case No. C 08-02073 EMC

1    County Square denies that Plaintiff is entitled to any such relief.  Furthermore, County Square

2    alleges that this matter is not suitable for class treatment.

3           7.    County Square Market admits Plaintiff seeks injunctive and declaratory relief.

4    Except as expressly admitted, County Square denies all other allegations contained in Paragraph 7.

## II.    PARTIES

6           8.    County Square Market admits that Plaintiff is a former employee of County

7    Square.  Plaintiff's allegation regarding his residence does not require Defendant's response.  Except

8    as expressly admitted, County Square denies all other allegations contained in Paragraph 8.

9           9.    County Square lacks knowledge or information sufficient to form a belief as

10    to Plaintiff's information and belief.  Except as expressly admitted, County Square denies all other

11    allegations contained in Paragraph 2 and alleges that this matter is not suitable for class treatment.

12          10.    County Square admits it is a California corporation that operates supermarkets

13    under the fictitious names "County Square Market" and "Country Square Market."  County Square

14    admits that Plaintiff is a former employee.  County Square admits that its corporate address is 510

15    Contra Costa Blvd., Pleasant Hill, CA 94523.  County Square admits that Ann Lewald and 510

16    Contra Costa Blvd., Pleasant Hill, CA 94523 is the name and address of County Square Market's

17    agent for service of process.  Except as expressly admitted, County Square denies all other

18    allegations contained in Paragraph 10.

19          11.    County Square admits the allegations contained in Paragraph 11.

20          12.    County Square admits that Plaintiff is a former employee of County Square.

21    County Square admits that the court possess subject matter jurisdiction over this action, but County

22    Square denies that Plaintiff is entitled to any relief under the FLSA.  Except as expressly admitted,

23    County Square denies all other allegations contained in Paragraph 12 and alleges that this matter is

24    not suitable for class treatment.

25          13.    The allegations in Paragraph 13 contain statements to which no response to

26    required.  To the extent that a response is required, County Square denies the allegations contained

27    in Paragraph 13.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS
    2.    Case No. C 08-02073 EMC

## III.    JURISDICTION AND VENUE

14.    County Square admits that the Court possesses subject matter jurisdiction over this action, but County Square denies that Plaintiff is entitled to any relief under the FLSA.

15.    County Square admits that the Court possesses supplemental jurisdiction over the California state-law claims, but County Square denies that Plaintiff is entitled to any relief under the provisions of the California Labor Code.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 15.

16.    County Square admits that venue is proper in this District.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 16.

## IV.    INTRADISTRICT ASSIGNMENT

17.    County Square admits that this case is properly assigned to the Oakland Division of the Northern District.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 17.

## V.    FACTUAL ALLEGATIONS

18.    County Square denies the allegations contained in Paragraph 18.

19.    County Square denies that it engaged, or continues to engage, in unlawful practices and policies in violation of Federal or California wage and hour laws.  Furthermore, County Square alleges that this matter is not suitable for class treatment.

  a.    County Square denies the allegations contained in Paragraph 19(a).

  b.    County Square denies the allegations contained in Paragraph 19(b).

  c.    County Square denies the allegations contained in Paragraph 19(c).

  d.    County Square admits it repeatedly requested Plaintiff's W-4 form and failed to provide Plaintiff with itemized wage statements due to his refusal to provide County Square with his W-4 form.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 19(d).

  e.    County Square denies the allegations contained in Paragraph 19(e).

  f.    County Square denies the allegations contained in Paragraph 19(f).

  g.    County Square denies the allegations contained in Paragraph 19(g).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS

3.

Case No. C 08-02073 EMC

h.    County Square denies the allegations contained in Paragraph 19(h).

20.    County Square denies the allegations contained in Paragraph 20.

21.    County Square admits it kept records of employee schedules reflecting hours worked for 2007 and 2008.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 21.

22.    County Square admits that Plaintiff is a former employee of County Square. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 22.

23.    County Square admits that Plaintiff filed a purported class action lawsuit against County Square.  County Square admits that Plaintiff purports to assert claims pursuant to the FLSA and the California Labor Code to recover overtime and minimum wages, rest and meal period compensation, statutory penalties, liquidated damages, expenses declaratory, injunctive and other relief, and attorney's fees and costs, but County Square denies that Plaintiff is entitled to any such relief.  Furthermore, County Square alleges that this matter is not suitable for class treatment. Except as expressly admitted, County Square denies all other allegations contained in Paragraph 23.

24.    County Square admits that Plaintiff seeks contractual damages but denies that Plaintiff is entitled to any such relief.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 24.

25.    County Square admits that Plaintiff seeks injunctive relief, declaratory relief, restitution, and restitutionary disgorgement pursuant to the Business and Professions Code §§ 17200 et seq (the "UCL"), but denies that Plaintiff is entitled to any such relief.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 25.

## VI.    CLASS ACTION ALLEGATIONS

26.    The allegations in Paragraph 26 contain statements to which no response is required.  To the extent that a response is required, County Square denies the allegations contained in Paragraph 26.

27.    The allegations in Paragraph 27 contain statements to which no response is required.  To the extent that a response is required, County Square denies the allegations contained in Paragraph 27.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                4.                Case No. C 08-02073 EMC

28. County Square denies the allegations contained in Paragraph 28 and alleges that this matter is not suitable for class treatment.

### A. Numerosity

29. County Square denies the allegations contained in Paragraph 29 and alleges that this matter is not suitable for class treatment.

### B. Commonality

30. County Square denies the allegations contained in Paragraph 30 and alleges that this matter is not suitable for class treatment.

    a. County Square denies the allegations contained in Paragraph 30(a).

    b. County Square denies the allegations contained in Paragraph 30(b).

    c. County Square denies the allegations contained in Paragraph 30(c).

    d. County Square denies the allegations contained in Paragraph 30(d).

    e. County Square denies the allegations contained in Paragraph 30(e).

    f. County Square denies the allegations contained in Paragraph 30(f).

    g. County Square denies the allegations contained in Paragraph 30(g).

    h. County Square denies the allegations contained in Paragraph 30(h).

    i. County Square denies the allegations contained in Paragraph 30(i).

    j. County Square denies the allegations contained in Paragraph 30(j).

    k. County Square denies the allegations contained in Paragraph 30(k).

    l. County Square denies the allegations contained in Paragraph 30(l).

    m. County Square denies the allegations contained in Paragraph 30(m).

### C. Typicality

31. County Square denies the allegations contained in Paragraph 31 and alleges that this matter is not suitable for class treatment.

### D. Adequacy of Representation

32. County Square denies the allegations contained in Paragraph 32 and alleges that this matter is not suitable for class treatment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS

5.

Case No. C 08-02073 EMC

1

### E.    Superiority of Class Action

2    33.    County Square denies the allegations contained in Paragraph 33 and alleges

3    that this matter is not suitable for class treatment.

4    34.    County Square denies the allegations contained in Paragraph 34 and alleges

5    that this matter is not suitable for class treatment.

6    ## VI.    CLAIMS FOR RELIEF

7    ### FIRST CLAIM FOR RELIEF

8    ### FAILURE TO PAY OVERTIME WAGE
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))

9

10    35.    County Square incorporates its responses to Paragraphs 1-34.

11    36.    County Square denies the allegations contained in Paragraph 36.

12    37.    County Square denies the allegations contained in Paragraph 37.

13    38.    County Square denies the allegations contained in Paragraph 35.

14    39.    County Square denies the allegations contained in Paragraph 36.

15    40.    In response to Paragraph 37, County Square denies any allegations or

16    implications made thereby, including any allegation that County Square acted improperly and/or

17    illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

18    ### SECOND CLAIM FOR RELIEF

19    ### FAILURE TO PAY STATE MINIMUM WAGES
(Violation of Labor Code §§ 1194, 1194.2, 1197(a) & Wage Orders)

20

21    41.    County Square incorporates its responses to Paragraphs 1-40.

22    42.    County Square cannot admit or deny the allegations in Paragraph 39 of

23    Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of

24    fact.

25    43.    County Square cannot admit or deny the allegations in Paragraph 40 of

26    Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of

27    fact.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS          6.          Case No. C 08-02073 EMC

44.    County Square denies the allegations contained in Paragraph 41.

45.    County Square cannot admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

46.    In response to Paragraph 49, County Square admits that Plaintiff purports to assert claims pursuant the California Labor Code to recover wages, interest, costs of suit and attorney's fees, but County Square denies that Plaintiff is entitled to any such relief.

47.    County Square cannot admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

48.    County Square cannot admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

49.    In response to Paragraph 52, County Square admits that Plaintiff purports to assert claims pursuant the California Labor Code§ 1194 to recover liquidated damages, but County Square denies that Plaintiff is entitled to any such relief.

50.    In response to Paragraph 53, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

## THIRD CLAIM FOR RELIEF

### FAILURE TO PAY PREMIUM OVERTIME WAGES
(Violation of Labor Code §§ 510, 1194, 1194.2 & Wage Orders)

51.    County Square incorporates its responses to Paragraphs 1-50.

52.    County Square cannot admit or deny the allegations in Paragraph 55 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

53.    County Square denies the allegations contained in Paragraph 56.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                    7.                    Case No. C 08-02073 EMC

54.    County Square cannot admit or deny the allegations in Paragraph 57 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

55.    County Square cannot admit or deny the allegations in Paragraph 58 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

56.    County Square denies the allegations contained in Paragraph 59.

57.    In response to Paragraph 60, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

### FOURTH CLAIM FOR RELIEF

#### FAILURE TO PROVIDE REST AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
(Violation of Labor Code §§ 226.7, 512 & Wage Orders)

58.    In response to Plaintiff's Complaint Paragraph 1, County Square incorporates its responses to Paragraphs 1-57.

59.    County Square cannot admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

60.    County Square cannot admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

61.    County Square denies the allegations contained in Paragraph 4.

62.    County Square cannot admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

63.    County Square denies the allegations contained in Paragraph 6.

64.    County Square denies the allegations contained in Paragraph 7.

65.    County Square denies the allegations contained in Paragraph 8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                8.                Case No. C 08-02073 EMC

66.    County Square denies the allegations contained in Paragraph 9.

67.    County Square denies the allegations contained in Paragraph 10.

68.    In response to Paragraph 11, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

FIFTH CLAIM FOR RELIEF

FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code §§ 226, 226.6 & Wage Orders)

69.    In response to Plaintiff's Complaint Paragraph 62, County Square incorporates its responses to Paragraphs 1-68.

70.    County Square cannot admit or deny the allegations in Paragraph 63 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

71.    In response to Paragraph 64, County Square admits it repeatedly requested Plaintiff's W-4 form, who refused to provide County Square with such W-4 form such that a wage statement could be generated.  Except as expressly admitted, County Square denies all other allegations contained in Paragraph 64.

72.    County Square denies the allegations contained in Paragraph 65.

73.    County Square denies the allegations contained in Paragraph 66.

74.    County Square denies the allegations contained in Paragraph 67.

75.    County Square cannot admit or deny the allegations in Paragraph 68 of Plaintiff's Complaint because they call for legal conclusions rather than admissions or denials of fact.

76.    County Square denies the allegations contained in Paragraph 69.

77.    County Square denies the allegations contained in Paragraph 70.

78.    County Square denies the allegations contained in Paragraph 71.

79.    In response to Paragraph 72, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS          9.          Case No. C 08-02073 EMC

1    illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

2                              SIXTH CLAIM FOR RELIEF

3    FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES INCURRED
              (Violation of Labor Code § 2802 & Wage Orders)
4

5         80.    In response to Plaintiff's Complaint Paragraph 73, County Square

6    incorporates its responses to Paragraphs 1-79.

7         81.    County Square denies the allegations contained in Paragraph 74.

8         82.    County Square denies the allegations contained in Paragraph 75.

9         83.    County Square denies the allegations contained in Paragraph 76.

10        84.    In response to Paragraph 77, County Square denies any allegations or

11   implications made thereby, including any allegation that County Square acted improperly and/or

12   illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

13                             SEVENTH CLAIM FOR RELIEF

14                              BREACH OF CONTRACT
     (Violation of California Common Law & Labor Code §§ 223, 225, 226 & 206.5, FLSA)
15

16        85.    In response to Plaintiff's Complaint Paragraph 78, County Square

17   incorporates its responses to Paragraphs 1-84.

18        86.    County Square denies the allegations contained in Paragraph 79.

19        87.    County Square denies the allegations contained in Paragraph 80.

20        88.    County Square denies the allegations contained in Paragraph 81.  County

21   Square alleges that it repeatedly requested Plaintiff to provide his W-4 and Plaintiff refused to do so.

22        89.    County Square denies the allegations contained in Paragraph 82.

23        90.    County Square denies the allegations contained in Paragraph 83.

24        91.    In response to Paragraph 84, County Square denies any allegations or

25   implications made thereby, including any allegation that County Square acted improperly and/or

26   illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

FIRST AMENDED ANSWER AND              10.              Case No. C 08-02073 EMC
AFFIRMATIVE DEFENSES OF DEFS

1
## EIGHTH CLAIM FOR RELIEF

2
### VIOLATION OF UNFAIR COMPETITION LAW
3
(California Business & Professions Code §§ 17200 et seq.)

4      92.    In response to Plaintiff's Complaint Paragraph 85, County Square

5 incorporates its responses to Paragraphs 1-91.

6      93.    County Square denies the allegations contained in Paragraph 86.

7           a.    County Square denies the allegations contained in Paragraph 86(a).

8           b.    County Square denies the allegations contained in Paragraph 86(b).

9           c.    County Square denies the allegations contained in Paragraph 86(c).

10          d.    County Square admits it repeatedly requested Plaintiff's W-4 form and

11 failed to provide Plaintiff with itemized wage statements due to his refusal to provide County Square

12 with such W-4 form.  Except as expressly admitted, County Square denies all other allegations

13 contained in Paragraph 86(d).

14          e.    County Square denies the allegations contained in Paragraph 86(e).

15          f.    County Square denies the allegations contained in Paragraph 86(f).

16     94.    County Square denies the allegations contained in Plaintiff's Complaint

17 Paragraph 87.

18     95.    County Square denies the allegations contained in Plaintiff's Complaint

19 Paragraph 88.

20     96.    County Square denies the allegations contained in Plaintiff's Complaint

21 Paragraph 89.

22     97.    County Square denies the allegations contained in Plaintiff's Complaint

23 Paragraph 90.

24     98.    County Square denies the allegations contained in Plaintiff's Complaint

25 Paragraph 91.

26     99.    County Square denies the allegations contained in Plaintiff's Complaint

27 Paragraph 92.

28     100.   County Square denies the allegations contained in Plaintiff's Complaint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                11.                    Case No. C 08-02073 EMC

Paragraph 93.

101.    In response to Paragraph 94, County Square denies any allegations or implications made thereby, including any allegation that County Square acted improperly and/or illegally against Plaintiff, or that Plaintiff is entitled to any relief from County Square.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, County Square alleges the following defenses. In asserting these defenses, County Square does not assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to prove.

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.    As a separate and distinct affirmative defense, County Square alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Class Action – Certification Prerequisites)

2.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

THIRD AFFIRMATIVE DEFENSE
(Class Action – Standing)

3.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

FOURTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Predominance)

4.    As a separate and distinct affirmative defense, County Square alleges that the types of claims alleged by Plaintiff on behalf of himself and/or the alleged putative group he purports to represent are matters in which individual questions predominate and thus are not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS    12.    Case No. C 08-02073 EMC

1    appropriate for class treatment.

2

**FIFTH AFFIRMATIVE DEFENSE**
3                      (Class Action – Lack of Numerosity)

4        5.    As a separate and distinct affirmative defense, County Square alleges that the

5    alleged putative group that Plaintiff purports to represent is not so numerous that joinder is

6    impossible.

7

**SIXTH AFFIRMATIVE DEFENSE**
8                     (Class Action – Lack of Commonality)

9        6.    As a separate and distinct affirmative defense, County Square alleges that

10   Plaintiff is not similarly situated to other potential members of the alleged putative group he purports

11   to represent and thus is an inadequate representative of the alleged putative group.

12

**SEVENTH AFFIRMATIVE DEFENSE**
13                     (Class Action – Lack of Typicality)

14       7.    As a separate and distinct affirmative defense, County Square alleges that

15   certain of the interests of the alleged putative group are in conflict with the interests of all or certain

16   subgroups of the members of the putative group.

17

**EIGHTH AFFIRMATIVE DEFENSE**
18                   (Class Action – Inadequate Representation)

19       8.    As a separate and distinct affirmative defense, County Square alleges that

20   Plaintiff is not similarly situated to other potential members of the alleged putative group he purports

21   to represent and thus is an inadequate representative of the alleged putative group.

22

**NINTH AFFIRMATIVE DEFENSE**
23                     (Class Action – Lack of Superiority)

24       9.    As a separate and distinct affirmative defense, County Square alleges that

25   Plaintiff has not shown and cannot show that class treatment of the purported causes of action in his

26   Complaint is superior to other methods of adjudicating the controversy.

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                13.                Case No.  C 08-02073 EMC

## TENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Manageability)

10.     As a separate and distinct affirmative defense, County Square alleges that the Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

## ELEVENTH AFFIRMATIVE DEFENSE
(Class Action – Violation of Due Process)

11.     As a separate and distinct affirmative defense, County Square alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of County Square's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  County Square reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

12.     As a separate and distinct affirmative defense, County Square is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and County Square had reasonable grounds for believing that policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff is not entitled to any damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226, 226.7, 510, 512 and 1194 – No Private Right of Action)

13.     As a separate and distinct affirmative defense, County Square alleges that there is no private right of action for an employee to recover damages under Sections 226, 226.7, 510, 512 and 1194 of the California Labor Code.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS

14.

Case No. C 08-02073 EMC

## FOURTEENTH AFFIRMATIVE DEFENSE
(Consent)

14.    As a separate and distinct affirmative defense, County Square alleges that the Complaint is barred, in whole or in part to the extent that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Unconstitutional Wage Order)

15.    As a separate and distinct affirmative defense, County Square alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage order(s) of the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violates County Square's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

16.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages pursuant to Section 3294 of the California Civil Code, violates County Square's rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226.7 and 512 – Compliance with Obligations)

17.    As a separate and distinct affirmative defense, County Square alleges that it acted in a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including Sections 226.7 and 512 thereof, as to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(No Failure To Provide Meal Periods)

18.    As a separate and distinct affirmative defense, County Square alleges that it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    was not required to and/or did not fail to provide meal periods pursuant to the California Labor

2    Code, applicable wage orders issued by the Industrial Welfare Commission, or any other basis.

3
                        NINETEENTH AFFIRMATIVE DEFENSE
4                   (Bus. & Prof. Code § 17200 – Violates Due Process)

5         19.    As a separate and distinct affirmative defense, County Square alleges that the

6    prosecution of a representative action on behalf of the general public under California Business and

7    Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would

8    constitute a denial of County Square's due process rights, both substantive and procedural, in

9    violation of the California Constitution and the Fourteenth Amendment to the United States

10   Constitution.

11
                        TWENTIETH AFFIRMATIVE DEFENSE
12                    (Bus. & Prof. Code § 17200 – No Penalties)

13        20.    As a separate and distinct affirmative defense, County Square alleges that

14   Plaintiff cannot recover waiting time or other penalties, under California Business and Professions

15   Code section 17200 et seq.

16
                      TWENTY-FIRST AFFIRMATIVE DEFENSE
17                    (Bus & Prof. Code § 17200 – No Violation)

18        21.    As a separate and affirmative defense, County Square alleges that its business

19   practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business

20   and Professions Code section 17200 et seq.

21
                     TWENTY-SECOND AFFIRMATIVE DEFENSE
22                             (Penalties Barred)

23        22.    As a separate and distinct affirmative defense, County Square alleges that

24   Plaintiff's prayer for restitution pursuant to Business and Professions Code section 17200 et seq. is

25   barred with respect to penalties of any nature.

26
                      TWENTY-THIRD AFFIRMATIVE DEFENSE
27                          (Discontinued Violations)

28        23.    As a separate and distinct affirmative defense, County Square alleges that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS          16.          Case No. C 08-02073 EMC

1  Plaintiff's prayer for restitution or injunctive relief under California Business and Professions Code

2  § 17200 *et seq.*, is barred with respect to any alleged violations that have discontinued, ceased, or are

3  not likely to reoccur.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Labor Code § 226 – Lack of Injury)

6        24.     As a separate and distinctive affirmative defense, County Square alleges that

7  Plaintiff sustained no injury from any alleged failure by County Square to comply with Labor Code

8  section 226.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Labor Code § 226.3 – Lack of Standing)

11        25.     As a separate and distinct affirmative defense, County Square alleges that

12  Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of

13  the monetary penalties sought in the Complaint, including, but not limited to those penalties claimed

14  pursuant to California Labor Code section 226.3, as such penalties may only be imposed in a

15  proceeding brought by the California Labor Commission.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim for Attorneys' Fees and Costs)

18        26.     As a separate and distinct affirmative defense, County Square alleges that

19  Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may

20  be awarded.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Lack of Specificity)

23        27.     As a separate and distinct affirmative defense, County Square alleges that

24  Plaintiff has failed to allege special damages with requisite specificity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

27        28.     As a separate and distinct affirmative defense, County Square alleges that

28  each purported cause of action set forth in the Complaint is barred in whole or in part by the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS       17.       Case No. C 08-02073 EMC

1  applicable statute(s) of limitation, including without limitation, the three-year limitations period

2  contained in California Code of Civil Procedure section 338(a); the one-year limitations period

3  governing recovery of statutory penalties contained in California Code of Civil Procedure

4  section 340(a); and/or the four year limitations period found in Business and Professions Code

5  section 17208.

6

### TWENTY-NINTH AFFIRMATIVE DEFENSE
7  (Liquidated Damages)

8    29.    As a separate and distinct affirmative defense, County Square alleges that it

9  had a good faith and reasonable belief that it was in compliance with applicable law and that,

10  accordingly no liquidated damages should be awarded Plaintiff for any violation thereof that may be

11  found to exist.

12

### THIRTIETH AFFIRMATIVE DEFENSE
13  (Mitigation of Damages)

14    30.    As a separate and distinct affirmative defense, County Square alleges that it is

15  informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

16  on that basis alleges, Plaintiff has failed to exercise reasonable care to mitigate his damage, if any

17  were suffered, and that his right to recover against County Square should be reduced and/or

18  eliminated by such a failure.

19

### THIRTY-FIRST AFFIRMATIVE DEFENSE
20  (Avoidable Consequences)

21    31.    As a separate and distinct affirmative defense, County Square alleges that

22  each purported cause of action contained in the complaint, or some of the causes of action, are

23  barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine because

24  County Square took reasonable steps to prevent and correct improper wage payments.  Plaintiff

25  unreasonably failed to use the preventative and corrective opportunities provide to him by County

26  Square, and reasonable use of County Square's procedures would have prevented at least some, if

27  not all, of the harm that Plaintiff allegedly suffered.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS

18.

Case No. C 08-02073 EMC

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(No Proximate Cause)

32.    As a separate and distinct affirmative defense, County Square alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by County Square.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Failure by Plaintiff to Follow Directions)

33.    As a separate and distinct affirmative defense, County Square alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any failure on Plaintiff's part to take meal and rest breaks, to comply with Defendant's work-time recording, expense report and reimbursement and overtime polices and requirements, was the result of failure by Plaintiff to follow Defendant's reasonable instructions.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Laches, Waiver, Estoppel and Unclean Hands)

34.    As a separate and distinct affirmative defense, County Square alleges that some or all of the purported cause of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, avoidable consequences, waiver, estoppel and/or unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, County Square prays for relief as set forth below:

1.    Plaintiff takes nothing by the Complaint and the Complaint be dismissed with prejudice;

2.    For costs of suit and reasonable attorneys' fees incurred herein; and

3.    For such other and further relief as this Court deems proper.

Dated: July 11, 2008

                                    /s/ Richard H. Rahm
                                    RICHARD H. RAHM
                                    LITTLER MENDELSON
                                    A Professional Corporation
                                    Attorneys for Defendant
                                    CJADERS FOODS, INC. DBA COUNTY SQUARE
                                    MARKET

Firmwide:85709133.2 059732.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF DEFS                19.                Case No. C 08-02073 EMC