1  STAN S. MALLISON, Bar No. 184191
   HECTOR R. MARTINEZ, Bar. No. 206336
2  MARCO A. PALAU, Bar. No. 242340
   LAW OFFICES OF MALLISON & MARTINEZ
3  1042 Brown Avenue
   Lafayette, CA 94549
4  Telephone: 925.283.3842
   Facsimile: 925.283.3426
5
   Attorneys for PLAINTIFFS
6  RAMON OCHOA-HERNANDEZ

7

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 |                                               ) Case No. 3:08-CV-02073
   | RAMON OCHOA-HERNANDEZ, on behalf of           )
13 | himself and all others similarly situated,    ) **JOINT CASE MANAGEMENT**
   |                                               ) **STATEMENT AND REQUEST**
14 |         Plaintiff,                            ) **FOR CONTINUANCE OF CASE**
   |                                               ) **MANAGEMENT CONFERENCE**
15 |     vs.                                       )
16 |                                               ) Date:   August 25, 2008
   |                                               ) Time:   4:00 p.m.
17 | CJADERS FOODS, INC., a California Corporation ) Court:  15
   | (doing business as "COUNTY SQUARE MARKET"    )
18 | and "COUNTRY SQUARE MARKET"); and DOES        ) Before the Honorable Marilyn Hall
   | 1 through 20, inclusive,                      ) Patel
19 |                                               )
20 |         Defendants.                           )
   |                                               )
21 |_____)

JOINT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

<u>Subject Matter Jurisdiction</u>: The parties agree that this court has subject matter jurisdiction over PLAINTIFF'S claims in this case.

<u>Personal Jurisdiction and Venue</u>: The parties agree that this court has personal jurisdiction and is the proper venue for this case.

<u>Parties Remaining to be Served and Deadlines</u>: All parties have been served.

## II. FACTS

This is a wage and hour class action to vindicate the rights afforded employees by California and Federal laws. This action is brought by Plaintiff Ramon Ochoa-Hernandez (hereinafter "OCHOA-HERNANDEZ" or "PLAINTIFF") on behalf of a class of similarly situated individuals against Defendants CJADERS Foods, Inc. (dba "County Square Market" and "Country Square Market") (hereinafter "CJADERS"), and Does One through 20, inclusive (hereinafter collectively referred to as "DEFENDANTS"). PLAINTIFF is represented by Stan S. Mallison and Hector Martinez of the Law Offices of Mallison & Martinez. PLAINTIFF's Complaint was filed on April 21, 2008. CJADERS acknowledged service on June 8, 2008, and it answered the Complaint on July 8, 2008. On July 11, 2008, CJADERS filed a First Amended Answer.

CJADERS operates County Square Market, a supermarket that specializes in food from Southeast Asia, and is located in Pleasant Hill. <u>CJADERS also operates Country Square Market, a similar supermarket that was recently opened in Vacaville. CJADERS is represented by Theodora R. Lee and Richard H. Rahm of the Law Firm of Litter Mendelson, P.C., and by Peter M. Stanwyck of the Law Offices of Peter M. Stanwyck.</u>

The complaint alleges a failure by CJADERS to pay its California non-exempt employees, including PLAINTIFF and the Class, in conformance with Federal and California law. The core violations alleged herein are: (1) failure to pay all minimum and overtime wages owed; (2) failure to provide accurate itemized wage statements; (3) failure to keep accurate time and payroll records; (3) failure to provide rest and meal periods or pay the statutory additional wages due; and (4)

failure to reimburse necessary expenses incurred for the job. These practices constitute violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the California Labor Code.

CJADERS contends that it pays its employees at minimum wage and above, that it provides accurate itemized wage statements, that it keeps accurate time and payroll records, that it provides statutory rest and meal breaks, and that it reimburses all necessary expenses incurred for the job.

PLAINTIFF contends that the following factual allegations are in dispute:

a. whether DEFENDANT failed to pay overtime wages;

b. whether DEFENDANT violated the California Labor Code and wage orders by compensating PLAINTIFFS and the Class at hourly wage rates below the minimum wage rate;

c. whether DEFENDANT failed to properly schedule, authorize or provide rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided;

d. whether DEFENDANT failed to properly schedule, authorize or provide a full and complete meal period during each period of five (5) hour work completed and failed to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided;

e. whether DEFENDANT failed to maintain accurate and complete employment records for PLAINTIFFS and the Class;

f. whether DEFENDANT provided reimbursement of employee expenses

g. whether DEFENDANT failed to pay all wages due upon termination;

h. whether DEFENDANT failed to provide accurate itemized wage statements;

i. whether DEFENDANT failed to maintain accurate time-keeping records;

III. **LEGAL ISSUES**

Plaintiff contends that the following are the principal legal issues in dispute:

    a. whether overtime was properly calculated and paid pursuant to federal and state law;

    b. whether DEFENDANT satisfied its obligations to provide the class with rest breaks or compensation in lieu thereof;

    c. whether DEFENDANT Defendants satisfied its obligations to provide the class with meal breaks or compensation in lieu thereof;

    d. whether DEFENDANT's wage statements for the class comply with the California Labor Code requirements;

    e. whether various employee expenses are reimburseable under California law;

    f. whether Defendants' actions described in the complaint constitute unfair business practices; and

    g. the remedies appropriate for any violations.

CJADERS contends that the following are additional legal issues in dispute:

    a. whether any of Plaintiff's claims are typical of any class of employees at County Square Market or Country Square Market, and thus meet the typicality requirement of Rule 23(a);

    b. whether there are other employees with similar claims such that Plaintiff can meet the numerosity requirement of Rule 23(a);

    c. whether there are common issues of fact or law such as to meet the "commonality" requirement of Rule 23(a);

    d. whether issues of fact or law predominate such as to meet the requirement of Rule 23(b);

    e. whether class action is a superior method with respect to the present case in conformity with Rule 23(b);

    f. whether Plaintiff or any putative class members suffered injury as a result of any of the alleged Labor Code violations; and

       g.       the extent to which CJADERS may assert equitable defenses to Plaintiff's Unfair Competition Law claim.

## IV. MOTIONS

There are no motions on docket. The parties expect that the normal motions concerning discovery, summary judgment, etc., are likely.

## V. AMENDMENT OF THE PLEADINGS

Plaintiffs intend to amend their complaint to California Labor Code Private Attorney General Act claims. Plaintiffs have requested that Defendants stipulate to these amendments.

## VI. EVIDENCE PRESERVATION

The parties have discussed the preservation of evidence. PLAINTIFF does not control the primary documentary or electronic evidence in this case which is almost exclusively held by DEFENDANT. However, PLAINTIFF has undertaken steps to preserve all documentary evidence in their possession. PLAINTIFF has indicated that he is interested in any electronic evidence with respect to CJADERS' (1) payroll, (2) employee schedules and (3) e-mails in connection with the claims in this action.

## VII. DISCLOSURES

The parties agree that the Initial Disclosure Statements will be exchanged on August 22, 2008, in compliance with Rule 26. The parties will make disclosures regarding witnesses, knowledge regarding potential damages, and documents. The parties also agree to supplement their disclosures every six months.

## VIII. DISCOVERY

The parties are negotiating over early mediation that would involve some limited document discovery and exchange of witness information.

## IX. CLASS ACTION

The parties propose that the matter be stayed for 60 days for purposes of mediation and limited discovery pursuant to the mediation. In the event that the parties are unable to settle this action through mediation, the parties would request the Court to set another Case Management

Conference, at which the Court could set dates pertinent to class certification.

## X. RELATED CASES

The parties know of no related cases.

## XI. RELIEF SOUGHT

At this time, PLAINTIFF does not have the necessary data to calculate damages or penalties. Once PLAINTIFF obtains documentary evidence from Defendants they can provide a damage estimate. However, Plaintiff estimates that the damages are likely to be thousands or tens of thousands of dollars per year per employee. The total number of employees in the class is likely to exceed 100.

CJADERS seeks dismissal of the action and the recovery of costs and attorneys' fees.

## XII. APPROPRIATE ADR MECHANISMS

The parties are negotiating over the terms of an early mediation, and have agreed to use Mediator Jeff Ross.

## XIII. CONSENT TO MAGISTRATE JUDGE

CJADERS did not consent to the use of a Magistrate Judge.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties have not yet narrowed any issues.

## XVI. EXPEDITED SCHEDULE

Because Plaintiff has alleged a class action, this cannot be handled on an expedited basis.

## XVII. SCHEDULING

The parties wish to avoid the setting of dates at this conference in favor of attempting to resolve this case in mediation. The parties wish to schedule a CMC in late November to report the results.

## XVIII. TRIAL

A jury trial has been requested by Plaintiffs. The parties believe that they cannot estimate the length of the trial until after the class issues have been decided.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any non-party interested entities or persons.

## XX. OTHER MATTERS

The Parties request that this CMC be continued until late November so that they may attempt early mediation.

LAW OFFICES OF MALLISON & MARTINEZ

By: /s/ Stan S. Mallison
Stan S. Mallison
Attorneys for PLAINTIFF

LITTLER MENDELSON, P.C.

By: /s/ Richard H. Rahm
Richard H. Rahm
Attorneys for DEFENDANT
CJADERS Foods, Inc.