UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON OCHOA-HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CJADERS FOODS, INC., a California corporation (doing business as "COUNTY SQUARE MARKET" and "COUNTRY SQUARE MARKET"),<br><br>Defendant. | No. C 08-02073 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion for Leave to Amend Complaint** |

Plaintiff Ramon Ochoa-Hernandez brought this action against Cjaders Foods, Inc. ("Cjaders"), advancing claims related to alleged unlawful and unfair wage and hour practices. Now before the court is plaintiff's motion for leave to amend the complaint to add one additional claim and four additional defendants. Having considered the arguments and submissions of the parties, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Plaintiff filed his class action complaint in this district on April 21, 2008. The case was assigned to a magistrate judge, and on July 8, 2008, defendant filed its answer declining to proceed before a magistrate judge. On July 9, 2008, the case was reassigned to this court. On July 11, 2008, defendant filed an amended answer. Following an unsuccessful attempt at mediation, the parties

appeared at a case management conference on November 24, 2008, at which plaintiff stated his intent to amend his complaint to add an additional claim and several additional defendants. The court instructed plaintiff to provide defendant with a proposed amended complaint to determine if defendant would stipulate to the amendment. Defendant did not stipulate, so plaintiff filed the instant motion to amend the complaint on February 2, 2009.

Plaintiff seeks leave to add a claim under the California Private Attorneys General Act, California Labor Code section 2698 et seq. ("PAGA"), and to add four additional defendants, Ann Lewald, Sandra Tam, Elaine Chan and Cindy Yen, pursuant to California Labor Code section 558.[1] Plaintiff alleges that these persons own and/or control Cjaders and took specific actions on behalf of Cjaders in causing the alleged wage and hour violations, such as paying employees in cash, paying less than the minimum rate or less than the amount earned, refusing to pay all wages owed when employees complained of underpayment, failing to provide wage statements and prohibiting rest breaks. See Docket No. 17, Exh. 1 (Pl.'s Am'd Compl.) ¶¶ 15-19. Defendant argues that plaintiff's motion should be denied because (1) the amendment is futile as PAGA does not allow civil penalties against individuals, and (2) the amendment is for an improper purpose, namely, to scare Cjaders into settlement by seeking PAGA penalties against its individual owners.

LEGAL STANDARD

The court should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). However, the Ninth Circuit differentiates between pleadings attempting to amend claims and pleadings seeking to amend parties. Union Pac. R.R. Co. v. Nevada Power Co., 950 F.3d 1429, 1432 (9th Cir. 1991). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." Id. Where a pleading seeks to add parties, the court should look at whether the proposed parties to be added had "fair notice of the transaction, occurrence, or conduct called into question." Id. (citation omitted).

The Ninth Circuit has stressed that, in considering motions to amend, district courts must bear in mind the underlying purpose of Rule 15, which is to "facilitate decisions on the merits, rather than on the pleadings or technicalities." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). Nevertheless, a district court does not abuse its discretion in denying a motion to amend when the movant has presented no new facts and provided no satisfactory explanation for his failure to develop his contentions in his original pleading. Id. (citation omitted). In assessing the propriety of a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his pleading. See id., citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Futility alone can justify the denial of a motion for leave to amend. Id., citing Bonin, 59 F.3d at 845.

DISCUSSION

Plaintiff seeks to add a PAGA claim against Cjaders and four proposed defendants, individuals who allegedly own and/or control Cjaders. Defendant does not contest the addition of a PAGA claim against Cjaders, but rather contests the PAGA claim as applied to the proposed individual defendants. Therefore, the only issue for the court is whether a PAGA claim can be brought against the named individuals.

PAGA was enacted "to empower aggrieved employees, acting as private attorneys general, to seek civil penalties for Labor Code violations, penalties which previously could be assessed only by state agencies." Dunlap v. Superior Court of Los Angeles County, 142 Cal. App. 4th 330, 336 (2006). PAGA provides that an aggrieved employee may bring a claim for an alleged violation of any of the provisions of the California Labor Code that provide for a civil penalty. Cal. Lab. Code § 2699(a). However, before the aggrieved employee can bring a claim under PAGA, he must first exhaust his administrative remedies by giving written notice to the Labor and Workforce Development Agency ("LWDA") and to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. Id.

1 § 2699.3(a)(1). If the LWDA notifies the employer and aggrieved employee within 30 days that it
2 does not intend to investigate the alleged violation, or if no notice is provided within 33 days, the
3 aggrieved employee may commence a civil action. Id. § 2699.3(a)(2).

4       Plaintiff seeks to assert his PAGA claim against Cjaders and the individuals who he alleges
5 own and/or control Cjaders pursuant to California Labor Code section 558. This section provides
6 that:

> Any employer or *other person acting on behalf of an employer* who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty . . .

10 (emphasis added). Plaintiff argues that because the proposed individual defendants were acting on
11 behalf of Cjaders in causing the alleged wage and hour violations, PAGA and section 558 allow
12 plaintiff to bring a claim against these individuals. Defendant, however, argues that the plain
13 language of PAGA does not allow the term "employer" to be stretched to include agents, executives
14 or shareholders of an employer.

15       PAGA does not define the term "employer." According to defendant, Reynolds v. Bement,
16 36 Cal. 4th 1075 (2005), holds that under the common law definition of "employer," corporate
17 agents acting within the scope of their agency are not personally liable for the corporate employer's
18 failure to pay its employees' wages. See id. at 1087. In Reynolds, the court considered whether an
19 employee could hold a corporate agent liable for the corporation's failure to pay overtime
20 compensation under section 1194 of the California Labor Code, which provides "any employee"
21 with a private right of action to recover unpaid minimum or overtime wages but does not specify
22 potential defendants. Id. Applying a common law test of employment, the court held that section
23 1194 does not provide a cause of action for an employee against the corporate agent. Id. Reynolds,
24 however, did not specifically address whether *PAGA* provides a cause of action for an employee
25 against a corporate agent, although the court's dicta suggested that it might. In emphasizing other
26 potential avenues for holding corporate agents liable, the court noted that section 558 provides for
27 civil penalties against a person who acts on behalf of an employer in violating wage or hour laws,
28

4

and then stated that "aggrieved employees may under certain circumstances maintain civil actions" under PAGA to recover these penalties. Id. at 1089.

Plaintiff has cited only two cases since Reynolds, and the court is aware of no others, that have addressed the issue of whether a corporate agent can be held liable for labor code violations pursuant to PAGA and section 558, and both courts have answered in the affirmative. The Eastern District of California recently denied a motion to dismiss claims brought pursuant to PAGA and section 558 against an individual defendant who was a corporate officer of the defendant corporation. Jose Ontiveros v. Robert Zamora, Case No. 2:08-cv-00567-LKK (E.D. Cal. Jan. 20, 2009); Docket No. 21 at 4-20. That court found that although the individual defendant could not be held liable for the corporation's alleged wage and hour violations on the basis of his status alone, the claims could be maintained because the plaintiff had adequately pled that the individual defendant "caused" the wage and hour violations alleged in the complaint. Ontiveros, slip op. at 13-14. Similarly, a California superior court found that individual defendants who were corporate officers were not immune from liability under PAGA and section 558 where the plaintiff alleged specific actions taken by the individual defendants that caused labor code provisions to be violated. Mendoza v. M.A.T. & Sons Landscape, Inc., No. CV032292, slip op. at 4 (Super. Ct. of Cal., County of San Joaquin, Dec. 8, 2008); Docket No. 21 at 21-35.

The court is persuaded that the claim is not futile. Section 2699(a) of PAGA, which permits an aggrieved employee to enforce *any* provision of the labor code that provides for a civil penalty, makes no reference to an "employer" and contains no limitation on who can be liable for labor code violations. In contrast, section 558, which can be enforced under PAGA because it provides for a civil penalty for violations of the labor code, allows liability to lie with an employer *or* a person who acts on behalf of an employer. Given section 2699(a)'s silence on liability, it likely does not stretch the plain language of PAGA to find that a person who acts on behalf of an employer can be held liable if the provision to be enforced explicitly permits liability against that person. Here, plaintiff does not simply allege that the proposed individual defendants should be held liable because they

own and/or control Cjaders. Rather, plaintiff alleges that each of these individuals took specific actions on behalf of Cjaders to violate or cause to be violated wage and hour provisions.

Defendant alternatively argues that plaintiff's motion should be denied because the amendment is for an improper purpose. Defendant contends that because Cjader's financial situation is precarious, plaintiff now seeks to make these proposed individual defendants who are the owners of Cjaders individually liable as a form of insurance. Plaintiff contends that his intent was always to name the individual owners of Cjaders as defendants in this action, but that he could not include a PAGA claim against these individuals at the time of pleading because his administrative remedies had not yet been exhausted. Once plaintiff's administrative remedies were exhausted, plaintiff chose not to immediately amend the complaint because the parties were attempting to mediate the case. When mediation failed, plaintiff promptly informed the court of his intention to amend the complaint to name the individuals as defendants. Even if plaintiff were motivated by Cjader's precarious financial situation, this would not be an improper purpose. As Justice Moreno noted in his Reynolds concurrence, there is a "clear public policy" in enforcing the state's wage and hour laws. 36 Cal. 4th at 1039. If a corporation files for bankruptcy and its owners—the very individuals who caused the corporation to violate wage and hour laws and who profited from these violations—are shielded from personal liability for their actions on behalf of the corporation, this frustrates the public policy in enforcing labor laws. See id.

Furthermore, other factors such as undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint all weigh in favor of granting plaintiff leave to amend the complaint. First, plaintiff has not previously amended his complaint. Second, an amendment at this stage would not cause undue delay, because the parties have only recently completed their attempts at mediation and are still in the early stages of discovery. Third, the individual defendants would not be prejudiced, as the April 2008 administrative complaint alleging labor code violations put them on notice of plaintiff's intent to name them as defendants.

6

CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint to add a claim under PAGA and to add Ann Lewald, Sandra Tam, Elaine Chan and Cindy Yen as defendants is GRANTED. The complaint is deemed filed on the date of the filing of this order. Defendants shall file their answers within thirty (30) days thereafter.

IT IS SO ORDERED.

Dated: May 18, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Plaintiff named one of the individuals twice, under both her maiden name, Sandra Yen, and her married name, Sandra Tam. <u>See</u> Docket No. 19, Exh. 1 ¶ 2. Because this individual identified herself by the name Sandra Tam in a declaration filed with the court, the court also refers to her as Sandra Tam. <u>See</u> Docket No. 19, Exh. 2.