1  THEODORA R. LEE, Bar No. 129892
   RICHARD H. RAHM, Bar No. 130728
2  KAI-CHING CHA, Bar No. 218738
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:  415.433.1940
   Facsimile:  415.399.8490
6
   PETER M. STANWYCK
7  LAW OFFICES OF PETER M. STANWYCK
   A Professional Corporation
8  Tribune Tower, 19th Floor
   409 - 13th Street
9  Oakland, California 94612
   Telephone:   (510) 444-5082
10 Facsimile:   (510) 834-0701

11 Attorneys for Defendants
   CJADERS FOODS, INC., dba COUNTY SQUARE
12 MARKET; ANN LEWALD; SANDRA YEN;
   SANDRA TAM; ELAINE CHAN; and CINDY
13 YEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON OCHOA-HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CJADERS FOODS, INC., a California corporation (doing business as "COUNTY SQUARE MARKET" and "COUNTRY SQUARE MARKET"); ANN LEWALD; SANDRA YEN; SANDRA TAM; ELAINE CHAN; CINDY YEN; and DOES 6 through 20, inclusive,<br><br>Defendants. | Case No.  CV 08-02073 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ESTABLISHING APPLICABILITY OF PROFESSIONAL RULE OF CONDUCT 2-100 TO ABSENT EMPLOYEES WHOSE PAGA INTERESTS ARE BEING REPRESENTED BY PLAINTIFF PURSUANT TO STATUTE**<br><br>Date:  March 29, 2010<br>Time:  2:00 p.m.<br>Place:  Courtroom 15<br><br>Before the Honorable Marilyn Hall Patel |

DEFENDANTS' OPPOSITION TO PLTF'S
MOTION FOR PROTECTIVE ORDER

NO. CV 08-02073 MHP

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT BACKGROUND ..............................................................................................2

    A. Plaintiff Alleges Both A Class Action For Damages And A PAGA Representative Action For Civil Penalties ................................................................2

    B. Plaintiff Agrees To A Protocol For Communications Between Defendants And The Putative Class Members ...........................................................................3

III. LEGAL ANALYSIS ..............................................................................................................3

    A. Arias Confirms That A Representative Action Is Not A "Certified Class Action" And, In Any Event, Plaintiff Cannot Establish An Attorney-Client Relationship With Defendants' Employees .............................................................3

        1. The Supreme Court Specifically Held In Arias That A PAGA Representative Action Is Different From A Class Action ...............................3

        2. A PAGA Representative Action Is Not Otherwise Similar To A Certified Class Action ...................................................................................6

        3. An Attorney-Client Relationship Is Not Created Merely By Filing A PAGA Representative Action ......................................................................6

    B. Prior to Class Certification, The Parties Have The Right To Obtain Discovery By Directly Contacted Employees In The Putative Class ........................................8

    C. Barring Communications Between Defendants And The Putative Class Members/Nonparty Aggrieved Employees Would Constitute An Impermissible Prior Restraint On Speech ..............................................................10

    D. Plaintiff's Counsel Represents Only The Named Plaintiff Because There Are No "Representative Actions" in Federal Court .........................................................12

IV. CONCLUSION ....................................................................................................................13

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES

**PAGE**

### CASES

*Adams v. Luxottica*
Case No. SA CV 07-1465 AHS (C.D. Cal., July 24, 2009) ..................................................... 12

*Arias v. Superior Court (Angelo Dairy)*
46 Cal. 4th 969 (2009) .................................................................................................... passim

*Atari, Inc. v. Superior Court*
(1985) 166 Cal.App.3d 867 ................................................................................................ 8, 9, 10

*Benitez v. Wilbur*
2009 WL 498085, *9 (E.D. Cal. 2009) .................................................................................. 12

*Bratton v. Bethlehem Steel Corp.*
649 F. 2d 658 (9th Cir. 1980) ................................................................................................... 8

*Burrell v. Crown Cent. Petroleum, Inc.*
(E.D. Tex. 1997) 176 F.R.D. 239 .......................................................................................... 11

*Cantrell v. City of Long Beach*
241 F. 3d 674 (9th Cir. 2001) ................................................................................................. 12

*Fiedler v. Clark*
714 F. 2d 77 (9th Cir. 1983) ................................................................................................... 12

*Gormin v. Brown-Forman Corp.*
133 F.R.D. 50 (M.D. Fla. 1990) ............................................................................................... 5

*Gulf Oil Co. v. Bernard*
452 U.S. 89 (1981) ....................................................................................................... 8, 10, 11

*James R. Coover, et al. v. Eastfield Ming Quong, Inc.*
Santa Clara County Superior Court Case No. 1-08-CV-125124 ............................................ 1, 8

*Koo v. Rubio's Restaurants, Inc.*
109 Cal. App. 4th 719 (2003) ................................................................................................... 7

*M.L. Stern Overtime Litigation*
(S.D. Cal. 2008) 250 F.R.D. 492 ............................................................................................ 11

*Moreno et al. v. Autozone, Inc.*
2007 U.S. Dist. LEXIS 98250, *32 .......................................................................................... 9

*Parks v. Eastwood Ins. Srvs.*
235 F. Supp. 2d 1082 (C.D. Cal. 2002) ........................................................................... 7, 9, 12

*People v. Pacific Land Research Co.*
(1977) 20 Cal.3d 10 ................................................................................................................ 10

*Skarbrevik v. Cohen, England & Whitfield*
231 Cal. App. 3d 692 (1991) .................................................................................................... 8

*Tedesco v. Mishkin*
(S.D.N.Y. 1986) 629 F.Supp. 1474 .......................................................................................... 9

*U.S. Parole Comm'n v. Geraghty*
445 U.S. 388 (1980) ................................................................................................................ 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PLTF'S
MOTION FOR PROTECTIVE ORDER

ii.

No. CV 08-02073 MHP

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Williams v. United States*
   665 F. Supp. 1466 (D. Or. 1987) ...................................................................................5

## STATUTES

Bus. & Prof. Code § 17200 ....................................................................................................2, 8
Fair Labor Standards Act, 29 U.S.C. § 201.................................................................................2
Fed. Rule of Civ. Pro. Rule 23(g)(1) ...........................................................................................6
Lab. Code § 2698.........................................................................................................................1
Lab.Code, § 2699(a) ..................................................................................................................10
Lab. Code § 2699(g) ..................................................................................................................10
Lab. Code § 2699(i) ...................................................................................................................10
Lab. Code § 2699.3......................................................................................................................2
Rule of Professional Conduct 2-100 ............................................................................... 1, 3, 7, 9

## OTHER AUTHORITIES

Attorneys at Law, *Cal. Jur. 3d* (West 2003) § 155, p. 510..........................................................7
Cal. Const., Art. I, § 2, subd. (a)................................................................................................11
Los Angeles Bar Ass'n Formal Opinion 481 (1995); Rest. 3d Law Governing
   Lawyers § 14, Comment "f"................................................................................................12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PLTF'S
MOTION FOR PROTECTIVE ORDER

iii.

No. CV 08-02073 MHP

## I. INTRODUCTION

Plaintiff Ramon Ochoa-Hernandez ("Plaintiff") filed a "class action" complaint against Defendant CJADERS Foods, Inc., and its owners ("Defendants"), asserting nine causes of action, ranging from an alleged failure to pay overtime to a failure to provide meal and rest breaks. Plaintiff's ninth cause of action is for penalties pursuant to the Labor Code Private Attorneys' General Act of 2004 ("PAGA"), Labor Code sections 2698 *et seq*. Although the parties agreed upon a protocol for any contacts between Defendants and the putative class members, Plaintiff now reneges on that agreement. Instead, Plaintiff now asserts that, based on the California Supreme Court's decision in *Arias v. Superior Court (Angelo Dairy)*, 46 Cal. 4th 969 (2009), and California Rule of Professional Conduct ("RPC") 2-100, a defendant should *never, at any time,* be allowed to contact any putative "aggrieved employee" in a PAGA action once the Labor Workforce Development Agency ("LWDA") has provided the plaintiff with his or her "right to sue" letter. Plaintiff's argument is essentially that PAGA representative actions are *like* certified class actions, and therefore the rules of professional conduct governing contacting unnamed parties in a certified class action should apply to contacting "aggrieved employees" in an uncertified PAGA representative action.

Not surprisingly, Plaintiff cites *absolutely no authority* for such a novel proposition. Nor could he since the Supreme Court in *Arias* specifically held that, because a PAGA representative action is *not* like a certified class action, but is a type of government enforcement action, "nonparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be bound by the judgment [in the employer's favor] as to remedies other than civil penalties." *Arias*, 46 Cal. 4th at 987. As such, Plaintiff cannot argue that *Arias* somehow sanctions treating PAGA representative actions like class actions. Nor are representative actions in any other way similar to certified class actions for purposes of establishing an attorney-client relationship. Furthermore, barring Defendants from contacting their employees prior to class certification would also violate their constitutional rights. Consequently, whenever other courts have considered Plaintiff's motion, they have rejected it. *See, e.g., James R. Coover, et al. v. Eastfield Ming Quong, Inc.*, Santa Clara County Superior Court Case No. 1-08-CV-125124.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PLTF'S
MOTION FOR PROTECTIVE ORDER

NO. CV 08-02073 MHP

Plaintiff bears the burden of demonstrating the need for a protective order barring Defendants from any contact whatsoever with their employees in defending themselves against both Plaintiff's class action and his PAGA representative action. For the above reasons, set forth in detail below, Plaintiff's motion should be denied.

## II. RELEVANT BACKGROUND

### A. Plaintiff Alleges Both A Class Action For Damages *And* A PAGA Representative Action For Civil Penalties.

Plaintiff is a former hourly employee of Defendant CJADERS Foods, Inc. dba County Square Market (hereafter referred to as "CSM"). In his First Amended Complaint ("FAC"), Plaintiff alleges that CSM, as well as the owners of CJADERS, Defendants Ann Lewald, Sandra Yen (also sued as Sandra Tam[1]), Elaine Chan and Cindy Yen (hereafter, collectively "Defendants") violated California's wage and hour laws. In particular, Plaintiff alleges (1) a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, (2) failure to pay minimum wages, (3) failure to pay overtime wages, (4) failure to provide meal and rest breaks, (5) failure to properly itemize wage statements, (6) failure to reimburse employees for necessary business expenses, (7) breach of contract, (8) violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*, and (9) penalties pursuant to the PAGA. Plaintiff's complaint is filed as a "class action," in which he requests that this "Court determine that this action may be maintained as a class action," and for which he prays for damages on a class-wide basis. *See* FAC, Prayer ¶ A.

With respect to Plaintiff's PAGA claim, Plaintiff alleges that he satisfied the pre-lawsuit notice requirements set forth in Labor Code § 2699.3, by written notice by certified mail to Defendants and to the LWDA. FAC ¶ 103. Plaintiff further alleges that the LWDA failed to timely notify Plaintiff that it would investigate the alleged wage and hour violations. *Id.*

///
///
///

---

[1] Sandra Yen and Sandra Tam are the same individual. "Yen" is her maiden name.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S
MOTION FOR PROTECTIVE ORDER

2.

NO. CV 08-02073 MHP

**B. Plaintiff Agrees To A Protocol For Communications Between Defendants And The Putative Class Members.**

Around April 2009, counsel for Defendants proposed a protocol for communications with putative class members. *See* Declaration of Kai-Ching Cha ("Cha Decl.") ¶ 2, Exh. A. As part of this proposed protocol, counsel for Defendants proposed, "at a minimum": (1) that any interviewee be appraised of his or her rights not to talk to counsel; (2) that the attorney or party clearly identify whom he or she represents; and (3) that the interview be conducted privately. *See* Cha Decl., ¶ 2. In addition, counsel for Defendants proposed that the parties agree on a description of the litigation when counsel for either party communicate with putative class members. *Id.* Plaintiff now seek to renege on his agreement with Defendants and bar any contact between them and their employees with respect to the class action and the PAGA representative action.

## III. LEGAL ANALYSIS

**A. *Arias* Confirms That A Representative Action Is Not A "Certified Class Action" And, In Any Event, Plaintiff Cannot Establish An Attorney-Client Relationship With Defendants' Employees.**

**1. The Supreme Court Specifically Held In *Arias* That A PAGA Representative Action Is Different From A Class Action.**

Contrary to Plaintiff's contention, the Court in *Arias* neither decided, nor addressed, the issue raised in its motion – namely, whether in hybrid class action/PAGA cases prior to class certification, do the attorneys for the named aggrieved parties also represent *nonparty* aggrieved employees so as to preclude communications under Professional Rule of Conduct 2-100. Nor, as Plaintiff suggests, did the Court decide in *Arias* that the filing of a notice with the LWDA, that agency's lack of timely response, and the filing of a civil action, allow a party to claim that it had "perfected [its] representative status under PAGA" so as to thwart, with the same effect of class certification, the Defendants' counsel's access to unrepresented witnesses. Instead, the *Arias* Court merely held that that "[class action requirements] need not be met when an employee's representative action against an employer is seeking civil penalties under [PAGA]." *Arias,* 46 Cal. 4th at 975.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER — 3. — NO. CV 08-02073 MHP

In reaching its decision, the *Arias* Court recognized that:

> In a 'representative action,' the plaintiff seeks recovery on behalf of other persons. There are two forms of representative actions: those that are brought as class actions and those that are not. [citations omitted].

*Arias,* 46 Cal. 4th at 977, fn. 2. The *Arias* Court then went on to acknowledge specifically that "[a]ctions under the Labor Code Private Attorneys General Act of 2004 may be brought as class actions." *Arias,* 46 Cal. 4th at 981, fn. 5. The Court in *Arias* noted that allowing PAGA claims to proceed as a class action promotes judicial efficiencies and consistent results, as well as minimizes the risk of potentially violating the due process rights of either defendants or aggrieved employees who are not parties to the dispute. *Id.* at 983-987. The California Supreme Court concluded that such concerns do not compel the use of class action procedures.

More importantly, the *Arias* Court specifically held that a class action and a PAGA representative action were completely different. In particular, defendants in *Arias* argued that the same type of due process concerns in a class action also apply to a PAGA action. However, the Supreme Court held that the plaintiff in a PAGA action "represents the same legal right and interest as state labor law enforcement agencies – namely, the recovery of civil penalties that otherwise would have been assessed and collected by the [LWDA]." *Arias*, 46 Cal. 4th at 986. In particular, the unnamed "aggrieved employees" are "nonparty employees" who cannot be collaterally estopped by an employer in a PAGA representative action if the employer prevails:

> If the employer had prevailed, however, the nonparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be bound by the judgment as to remedies other than civil penalties.
>
> Because an action under the [PAGA] is designed to protect the public, and the potential impact on remedies other than civil penalties is ancillary to the action's primary objective, the one-way operation of collateral estoppel in this limited situation does not violate the employer's right to due process of law.

*Id.* at 987. On the other hand, if PAGA "aggrieved employees" were like class members in a certified class action, then the employer would be able to collaterally estop another employee from the same representative action from bringing the same claims. Accordingly, based on *Arias*, a certified class action is not the same as a PAGA representative action.

Furthermore, the fact that a PAGA plaintiff stands in the shoes of the State is that it demonstrates that it is the aggrieved employee, not the party aggrieved employee's attorney of record, who acts in the role of representative and substitutes him or herself for the State in bringing a PAGA claim. *Arias,* 46 Cal. 4th at 986. In this role, the named plaintiff – aggrieved employee – acts as the representative for the nonparty aggrieved employees. *Id.* The relationship between the named plaintiff and the nonparty aggrieved employees is what creates the representative action. The only attorney-client relationship is thus between the named plaintiff(s) and the attorney of record. The attorney of record does not have any relationship, as an attorney, with the nonparty aggrieved employees – unless he/she signs them up as clients.

To hold otherwise, the Court would have to conclude that if the LWDA had chosen to pursue the alleged violations set forth in Plaintiff's pre-filing letter to that agency, an attorney-client relationship would have arisen between the LWDA and Defendant's employees. There is no basis for reaching such a conclusion: government agencies are not generally deemed to represent the general public on whose behalf they are acting. *See, e.g., Williams v. United States,* 665 F. Supp. 1466, 1470 (D. Or. 1987) ("the EEOC is not in an attorney-client relationship with aggrieved employees when it brings enforcement actions or enters into consent decrees pursuant to Title VII"); *Gormin v. Brown-Forman Corp.*, 133 F.R.D. 50, 51 (M.D. Fla. 1990) (denying the EEOC's motion to preclude the defendant's counsel from having contact with any of the 61 "aggrieved employees" listed in the EEOC's age discrimination complaint on the ground that there was no attorney-client relationship between the EEOC and those individuals and thus the contact at issue did not violate the rules of professional conduct).

In short, there is no basis for concluding that when the LWDA's attorneys bring an enforcement action they enter into an attorney-client relationship with the aggrieved employees who were negatively impacted by the employer's wrongful practices. Likewise, there is no basis for concluding that counsel for Plaintiff in this PAGA action (who stands in the shoes of the LWDA) automatically enters into an attorney-client relationship with the non-party aggrieved employees.

///

///

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S
MOTION FOR PROTECTIVE ORDER      5.      NO. CV 08-02073 MHP

### 2. A PAGA Representative Action Is Not Otherwise Similar To A Certified Class Action.

Despite Plaintiff's attempt to argue to the contrary, a PAGA action is significantly different than a post-certification class action where the attorney-client relationship is created between class counsel and putative class members only after the detailed class certification process and decision by the trial court. In a class action, as to compared to a PAGA action, after putative class counsel brings a successful motion for class certification, the court appoints class counsel. *See* Fed. Rule of Civ. Pro. Rule 23(g)(1). In appointing class counsel, the court must consider the following: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. Rule of Civ. Pro. Rule 23(g)(1)(A). It is that appointment by the court that gives rise to the attorney/client relationship between the attorney and the absent class members.

Such procedural due process protections are completely absent from the LWDA's mere declination to prosecute itself a PAGA claim. For example, there is no mechanism to vet and appoint counsel for the entire group of nonparty aggrieved employees. These facts thus preclude the alleged creation of the attorney-client relationship between the attorney and nonparty aggrieved employees simply upon the LWDA's declination to prosecute.

For these reasons, nonparty aggrieved employees in a PAGA claim are not covered by the attorney-client privilege, and simply calling them "represented" does not make them so. As no attorney-client relationship exists between Plaintiff's counsel and the nonparty aggrieved employees, and as the attorneys are not the representatives of nonparty aggrieved employees, this Court should deny Plaintiff's Motion.

### 3. An Attorney-Client Relationship Is Not Created Merely By Filing A PAGA Representative Action.

Plaintiff argues that an attorney-client relationship exists between Plaintiff's counsel and the nonparty aggrieved employees. This argument is meritless. In California, the establishment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER   6.   NO. CV 08-02073 MHP

of the attorney-client relationship "is not created by the unilateral declaration of one party to the relationship." *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 729 (2003). Such a relationship can only be created by express or implied contract. *Id.* Whether an attorney-client relationship exists hinges on the totality of the circumstances, including the parties' conduct, and, above all, depends on how the relationship would appear to a reasonable person in the position of the purported client. Attorneys at Law, *Cal. Jur. 3d* (West 2003) § 155, p. 510. Plaintiff cannot establish that those elements have been satisfied for the nonparty aggrieved employees.

Specifically, there is no evidence whatsoever in the record that Plaintiff's attorneys have made any efforts at all to notify nonparty aggrieved employees about the litigation at hand or the nature of the claims involved. Plaintiff's attorneys have only sent a letter regarding intent to prosecute to the California Labor and Workforce and Development Agency. The nonparty aggrieved employees could be unaware not only of the details of the lawsuit, but also of its very existence. Therefore, under the totality of the circumstances in this record, it would be unreasonable to assume that the nonparty aggrieved employees view themselves as "represented" in this action.

Plaintiff relies on Rule of Professional Conduct 2-100 as the basis for his Motion, but this "anti-contact" rule restricts communications with class action or representative action plaintiffs <u>only</u> where an attorney-client relationship has been established to exist. *Parks v. Eastwood Ins. Srvs.*, 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002). Plaintiff simply assumes, but fails to show, that an attorney-client relationship exists between nonparty aggrieved employees and Plaintiff's counsel. Plaintiff would thrust "client" status upon individuals who may not even know of his attorneys' existence or of the lawsuit brought by such attorneys on their supposed behalf.

Further, the holding in *Arias* contradicts Plaintiff's argument that he "represents" other employees because their interests may be affected by Plaintiff's PAGA action. Specifically, the California Supreme Court held that a plaintiff in a PAGA representative action "represents the same legal right and interest as state labor law enforcement agencies – namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency," and an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and *not to benefit private parties*." *Arias*, 46 Cal. 4th at 986

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S
MOTION FOR PROTECTIVE ORDER

7.

NO. CV 08-02073 MHP

(emphasis supplied). Yet, the Ninth Circuit has expressly held that employees who are the beneficiaries of an enforcement action, such as one brought by the EEOC, do not have an attorney-client relationship with the EEOC's counsel. *See, e.g., Bratton v. Bethlehem Steel Corp.*, 649 F. 2d 658, 669 (9th Cir. 1980). Similarly, an attorney in a shareholder derivative suit does not become the representative of a company's stockholders merely because the attorney's actions on behalf of the company also benefits its stockholders. *See Skarbrevik v. Cohen, England & Whitfield*, 231 Cal. App. 3d 692, 703-704 (1991). Furthermore, in *Coover v. Eastfield Ming Quong, Inc.*, Santa Clara County Superior Court Case No. 1-08-CV-125124 (August 13, 2009), the Santa Clara Superior Court expressly held that plaintiffs did *not* represent putative members of a PAGA representative action. Indeed, Defendants are aware of no case law holding that, because a third party may be beneficially affected by a lawsuit, an attorney-client relationship is established between the plaintiff's attorney and the third party. Accordingly, Plaintiff's attorneys do not have an attorney-client relationship with putative class members simply by virtue of the fact that they represent Plaintiff in a PAGA representative action.[2]

**B. Prior to Class Certification, The Parties Have The Right To Obtain Discovery By Directly Contacted Employees In The Putative Class.**

It is well-established that in class action lawsuits (including those asserted under California's Unfair Practices Act ["UPA"; Business and Professions Code § 17200, *et seq.*] and wage and hour claims), such as those alleged in the FAC, pre-certification communication, by either side, with putative class members is permissible. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-102 (1981) (holding parties or their counsel should not be required to obtain prior judicial approval before communicating with putative class members prior to certification of a class); *see also Atari, Inc. v. Superior Court* (1985) 166 Cal.App.3d 867, 871. In both California state and federal courts,

---

[2] Finally, it bears noting that if a named plaintiff's attorney does want to create an attorney-client relationship with the non-party aggrieved employees, he is free to seek certification of the PAGA claim. *Arias*, 46 Cal. 4th at 981, fn. 5. An attorney who chooses to bring an uncertified PAGA claim, however, foregoes the possibility of establishing an attorney-client relationship with the group of nonparty aggrieved employees It remains possible, however, for a nonparty aggrieved employee to contact or be contacted by Plaintiff's counsel and request individual representation. However, there is no evidence in the record that this has occurred in this case.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER

8.

NO. CV 08-02073 MHP

"pre-certification communication from the defense to prospective plaintiffs is generally permitted because 'no attorney-client relationship yet exists.'" *Parks v. Eastwood Ins. Serv., Inc.*, 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002). Indeed, in *Atari*, the California Court of Appeal expressly held that the predecessor of Rule of Professional Conduct 2-100 is *not* violated when either counsel talks to putative class members, and that "neither party should be precluded from investigating and preparing the case." *Atari, Inc.,* 166 Cal. App. 3d at 871-73.

Plaintiff contends, however, such communication is prohibited. Plaintiff's contention has no supporting legal authority. What Plaintiff neglects to acknowledge is that this is a hybrid situation involving both class action and PAGA claims. Assuming, *arguendo,* even if communications with "aggrieved employees" is prohibited in a case asserting only a PAGA claim, in a hybrid case involving UCL and PAGA claims, communications with putative class members and non-party aggrieved employees should still be allowed. Indeed, such a position is supported by California Rule of Professional Conduct 2-100(A), which provides that:

> While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.

In pre-certification communications, the potential class members are not "represented parties" for purposes of California Rule of Professional Conduct 2-100 because no attorney-client relationship yet exists between class counsel and potential class members. *Parks,* 235 F. Supp. 2d at 1084. As has been explained, "it cannot truly be said that [Plaintiff's counsel] fully 'represents' prospective class members until it is determined that they are going to participate in the class action." *Moreno et al. v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 98250, *32, *quoting Tedesco v. Mishkin* (S.D.N.Y. 1986) 629 F.Supp. 1474, 1483.

Plaintiff's request, however, ignores these rights, and requested that the trial court bar Defendants' counsel "from ex parte contacts communications with absent employees....." (Pltf. Motion, p. 7:3-4.)

There is no applicable legal authority to support such a request. It would be an untenable result to allow the allegation of PAGA claims and relief, in an action for which the class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S
MOTION FOR PROTECTIVE ORDER            9.            NO. CV 08-02073 MHP

1 claims and members were identical, to be used a sword to deny Defendants access to unrepresented witnesses to which access they are entitled to by law. *See Gulf Oil Co.,* 452 U.S. at 99-102; *Atari, Inc.,* 166 Cal.App.3d at 871. Simply stated, PAGA claims cannot be tacked on to an action to defeat witness access rights that otherwise exist.

Further support for this proposition is found in the fact that PAGA claims have narrow application, allowing only for the recovery of limited civil penalties and allows the aggrieved employees asserting the claim to only retain 25% of the recovery. Cal. Labor Code § 2699(i). In contrast, class action claims generally, and in this case, seek expansive relief. Indeed, PAGA "authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab.Code, § 2699, subds. (a), (g)), and an action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.' [citation omitted]." *Arias*, 46 Cal. 4th at 986, citing *People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 17.

Even if Plaintiff was correct regarding communication with nonparty aggrieved employees in PAGA claims, which they are not, given the extreme result of their request that would essentially eviscerate Defendants' right to communicate with the putative class members – which undeniably includes pre-certification communications with putative class members that is expressly allowed by law – and prepare its defense, the court was well within its rights to deny the requested blanket prohibition. *See Atari, Inc.*, 166 Cal.App.3d at 871.

As explained below, however, even if the Court only examines the PAGA issue regarding the status of a nonparty aggrieved employee, Plaintiff's arguments are misplaced.

**C. Barring Communications Between Defendants And The Putative Class Members/Nonparty Aggrieved Employees Would Constitute An Impermissible Prior Restraint On Speech.**

Plaintiff's Motion constitutes an impermissible prior restraint on speech. While a trial court unquestionably has the discretion to limit discovery to prevent abuse, e.g., through protective orders, or to exercise their management powers to control the timing and sequence of discovery, it's powers are subject to constitutional limitations. The First Amendment to the United States Constitution prohibits any law "abridging the freedom of speech . . . ." U.S. Const., 1st Am.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER   10.   NO. CV 08-02073 MHP

1  In addition, the freedom of speech clause of the California Constitution provides: "Every person
2  may freely speak, write and publish his or her sentiments, on all subjects, being responsible for the
3  abuse of this right. A law may not restrain or abridge liberty of speech or press." Cal. Const., Art. I,
4  § 2, subd. (a).

5  As noted previously, federal courts hold that parties are generally "free to
6  communicate with potential class members before class certification." *Gulf Oil Co.,* 452 U.S. at
7  101–102. The seminal case regarding permissible communications with putative class members is
8  the United States Supreme Court case of *Gulf Oil*. In that case, the United States Supreme Court
9  held that pre-certification communications with potential class members generally must be
10 permitted. *See Gulf Oil*, 452 U.S. at 100. An order preventing counsel from communicating with
11 potential class members about the case "involved serious restraints on expression." *Id*. at 104. The
12 Supreme Court held that it is impermissible to limit communications between parties and potential
13 class members unless there is "a clear record and specific findings that reflect a weighing of the need
14 for a limitation and the potential interference with the rights of the parties." *Id.* The Court
15 additionally emphasized that a trial court cannot issue an order prohibiting communication between
16 potential class members and counsel based on the mere possibility of abuse. *Id.* at 100; *see also*
17 *Burrell v. Crown Cent. Petroleum, Inc.* (E.D. Tex. 1997) 176 F.R.D. 239, 244 (applying *Gulf Oil* and
18 holding, "It is not enough that a potentially coercive situation exists. . . . The court cannot issue an
19 order without evidence that a potential for serious abuse exists."); *In re M.L. Stern Overtime*
20 *Litigation* (S.D. Cal. 2008) 250 F.R.D. 492 ("It is not enough that a potentially coercive situation
21 exists...The court cannot issue an order without evidence that a potential for serious abuse exists.")
22 (citations omitted).

23 Here, Plaintiff presents no evidence that a potential for serious abuse exists. Nor can
24 he. Back in April 2009, Littler Mendelson proposed a protocol for any *ex parte* communications
25 with putative class members that included, "at a minimum" (1) that any putative class member be
26 appraised of his or her rights not to talk to counsel; (2) that the attorney or party clearly identify
27 whom he or she represent; and (3) that the interview be conducted privately. In addition, counsel for
28 Defendants proposed that the parties agree on a description of the litigation for any *ex parte*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S
MOTION FOR PROTECTIVE ORDER     11.     NO. CV 08-02073 MHP

communications with putative class members. Thus, Plaintiff has no evidence that the potential for serious abuse, or any abuse, exists. Therefore, to grant Plaintiff's Motion would be tantamount to an prior restraint on speech because it would infringe upon Defendants' constitutional speech and due process rights and prevent Defendants from fairly investigating the case initiated by Plaintiff.

### D. Plaintiff's Counsel Represents Only The Named Plaintiff Because There Are No "Representative Actions" in Federal Court.

Federal court differs from in significant ways from California state court, the most notably, there are no "representative actions" in federal court. A plaintiff's ability to sue on behalf of unnamed parties is procedural in nature. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 403 (1980). Although the PAGA authorizes representative actions in state court, California state law cannot alter federal procedural and jurisdictional requirements. *See, e.g., Fiedler v. Clark*, 714 F. 2d 77, 80 (9th Cir. 1983) (Hawaiian private attorney general act). In this regard, a plaintiff attempting to litigate in federal court must satisfy "the stricter federal standing requirements of Article III." *Cantrell v. City of Long Beach*, 241 F. 3d 674, 683 (9th Cir. 2001). Based on the above, the Eastern District held that PAGA representative actions must be certified as class actions in federal court. *See Benitez v. Wilbur*, 2009 WL 498085, *9 (E.D. Cal. 2009). The Central District came to the same conclusion after *Arias* in *Adams v. Luxottica*, Case No. SA CV 07-1465 AHS (C.D. Cal., July 24, 2009) ("plaintiffs lack standing to assert a non-class representative claim under PAGA" in federal court). Thus, the only client Plaintiff's counsel represents is Plaintiff himself. *See, e.g., Parks*, 235 F. Supp. 2d at 1084. *See also* Los Angeles Bar Ass'n Formal Opinion 481 (1995); Rest. 3d Law Governing Lawyers § 14, Comment "f."

///
///
///
///
///
///
///

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER    12.    NO. CV 08-02073 MHP

## IV. CONCLUSION

Contrary to both the express language and logic in the *Arias* decision, Plaintiff moves to have this Court bar any contact between Defendants and their employees. Pursuant to *Arias*, however, a PAGA representative action serves a very different purpose than a class action and, in any event, Plaintiff cannot demonstrate any attorney-client relationship with Defendants' employees. Accordingly, Plaintiff's motion for a protective order should be denied.

Dated: March 8, 2010

/s/ Kai-Ching Cha
KAI-CHING CHA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CJADERS FOODS, INC., dba COUNTY SQUARE MARKET; ANN LEWALD; SANDRA YEN; SANDRA TAM; ELAINE CHAN; CINDY YEN

Firmwide:94470476.1 059732.1001

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO PTLF'S MOTION FOR PROTECTIVE ORDER    13.    NO. CV 08-02073 MHP