UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON OCHOA-HERNANDEZ, | No. C 08-2073 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| CJADERS FOODS, INC., | **Re: Plaintiff's Motion for a Protective Order** |
| Defendant. | |

Plaintiff Ochoa-Hernandez is a former employee of defendant CJADER Foods, Inc. ("CJADER"). Plaintiff alleges several causes of action against CJADER for violations of Federal and State wage and hour laws. These claims are made on behalf of a purported class of similarly situated current and former CJADER employees. Although a class or collective action has yet to be certified, plaintiff moves for a protective order barring defendant's attorneys from contacting any of defendant's current or former employees regarding this litigation. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

Plaintiff seeks to recover, *inter alia*, civil penalties by way of a representative action under the Labor Code Private Attorneys General Act of 2004 ("PAGA"). Cal. Labor Code §§ 2698, *et seq.* During the pendency of this action, the California Supreme Court held that representative actions under PAGA need not always be brought as class actions. *Arias v. Superior Court*, 46 Cal. 4th 969, 975 (2009) (distinguishing PAGA from Unfair Competition Law, which is subject to the procedures for class certification).

According to PAGA, an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. Cal. Labor Code § 2699(a). Of the civil penalties recovered, 75 percent goes to the California Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees." *Id.* § 2699(i).

Before bringing a civil action for statutory penalties, an employee must comply with California Labor Code section 2699.3. *Id.* § 2699(a). The statute requires the employee to give written notice of the alleged Labor Code violation to both the employer and the California Labor and Workforce Development Agency. *Id.* § 2699.3(a)(1). If the agency notifies the employee and the employer that it does not intend to investigate or if the agency fails to respond within 33 days, the employee may then bring a civil action against the employer. *Id.* § 2699.3(a)(2)(A). If the agency decides to investigate, it then has 120 days to do so. If the agency decides not to issue a citation, or does not issue a citation within 158 days after the postmark date of the employee's notice, the employee may then commence a civil action. *Id.* § 2699.3(a)(2)(B). There is no dispute that plaintiff filed his PAGA claim after meeting the requirements set forth in section 2699.3.

Plaintiff's counsel contend that an attorney-client relationship was formed between themselves and all current and former employees of defendant as soon as plaintiff satisfied the administrative requirements of section 2699.3. They move for a protective order prohibiting defendant's counsel from engaging in any *ex-parte* communications with these employees in violation of California Rule of Professional Conduct 2-100. Rule 2-100 provides that while representing a client, "a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

LEGAL STANDARD

A party or any person "may move for a protective order in the court where the action is pending" and the "court may, for good cause, issue an order . . . forbidding inquiry into certain

2

matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). The Supreme Court has interpreted Federal Rule of Civil Procedure 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

DISCUSSION

Plaintiff argues that his PAGA claim creates an attorney-client privilege between his counsel and all the former and current employees of defendant. Plaintiff's argument rests predominantly on the California Supreme Court's recent decision in *Arias*, 46 Cal. 4th 969. In *Arias*, an employee filed suit against his employer on behalf of himself as well as current and former employees. He alleged violations of the California Labor Code, California Unfair Competition Law ("UCL"), California Business and Professions Code and the PAGA. The California Supreme Court held that even though the Proposition 64 voter initiative of 2004 mandated that procedural rules of class actions apply to UCL claims, PAGA claims remained free of such requirements. Consequently, even though the claims under the Labor Code and UCL were stricken for failure to meet class certification requirements, plaintiff in *Arias* was permitted to pursue his PAGA claim.

The California Supreme Court specifically addressed the representative nature of the PAGA claim. "An employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so *as the proxy or agent* of the state's labor law enforcement agencies." *Id.* at 986 (emphasis added). Specifically, "[i]n a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Id.* (citing Cal. Labor Code § 2699(a), (f)).

According to the California Supreme Court, "[t]he act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations, and an action to recover

3

civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *Id.* (citation and quotations omitted). Thus, a PAGA claim, while protecting the interests of the named plaintiff as well as current and former employees of the defendant, is fundamentally designed to protect the public at large.

Plaintiff claims that because an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations, a constructive attorney-client relationship is created between his attorneys and all current or former employees of defendant. Counsel analogizes the satisfaction of the administrative requirements of the PAGA to the successful certification of a class action under Rule 23. Consequently, they argue that since an attorney-client relationship arises upon class certification, it should also arise upon satisfying the procedural requirements for a PAGA claim.

Plaintiff's argument fails to address the California Supreme Court's holding that a PAGA claim is fundamentally a law enforcement action designed to protect the public. *Id.* Thus, a PAGA claim brought by a private plaintiff is brought on behalf of the Labor Workforce Development Agency, which could have brought the enforcement action to protect the people of the State of California. Taking plaintiff's argument to its logical conclusion would create an attorney-client relationship with all the residents of California, including the court and defendants and defendant's attorneys. This argument finds no support in the law or common sense. Indeed, plaintiff is unable to cite to any law that creates an attorney-client relationship between a state law enforcement agency and the public at large. In analogous circumstances, courts have held that governmental agencies pursuing public interest enforcement actions generally do not represent unnamed individual employees. In *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 669 (9th Cir. 1980), the Ninth Circuit held that the EEOC was not in an attorney-client relationship with aggrieved employees when determining the binding effects of a consent decree. The court reached this conclusion "in order to accommodate the occasionally divergent public and private interests." *Id.*; *see also Williams v. United States*, 665 F. Supp. 1466, 1469-70 (D. Or. 1987) (finding no attorney-client relationship between the EEOC and aggrieved individuals because "[w]hen the EEOC acts, albeit at

4

the behest of and for the behalf of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." (quoting *Gen. Tel. Co v. EEOC*, 446 U.S. 318, 26 (1979))). Similarly, a PAGA claim also accommodates these divergent interests. It does not preclude unnamed plaintiffs from pursuing their private interests against an employer, as opposed to pursuing civil penalties that constitute the public interest. *Arias*, 46 Cal. 4th at 987. This fundamental flaw dooms plaintiff's motion.

Plaintiff argues that because the EEOC sues in its own right, and not as the representative of the aggrieved individual, the EEOC cases are distinguishable. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 287-88 (2002) (finding that the EEOC's enforcement actions on behalf of a group of employees are not representative actions subject to certification under Rule 23). Plaintiff wants to have his cake and eat it too. Plaintiff claims to stand in the shoes of the state enforcement agency in order to avoid class certification of his PAGA claim, but concurrently claims that he represents solely similarly situated employees and not the public interest. The PAGA claimant, however, "represents the same legal right and interest as state labor law enforcement agencies," *Arias*, 46 Cal. 4th at 986, and therefore represents the public interest. The reasoning in *Waffle House* supports this finding. The Court found that the EEOC, which is the "master of its own case," brings actions based upon the "public interest at stake," just like the Labor Workforce Development Agency and the private plaintiff bring law enforcement actions designed to protect the public. 534 U.S. at 291; *Arias*, 46 Cal. 4th at 986. The fact that EEOC actions need not be brought by a member of the aggrieved group is not determinative. *Arias* found that "the distinction between public representatives who are not members of the group they represent and employee plaintiffs who are members of the group is not controlling." 46 Cal. 4th at 987 n.7. Thus, decisions finding a lack of an attorney-client privilege between the EEOC and unnamed aggrieved employees are both instructive and persuasive.

All of plaintiff's cases that find an attorney-client privilege between the EEOC and aggrieved employees are distinguishable, and none are persuasive. *EEOC v. Chemsico, Inc.*, 203 F.R.D. 432, 433 (E.D. Mo. 2001), is inapposite as it was based on discrimination against an individual employee.

5

In *Bauman v. Jacobs Suchard, Inc.*, 136 F.R.D. 460, 461 (N.D. Ill. 1990), the court refused to order disclosure of communications between the EEOC and "[p]ersons who responded indicating they wanted to be represented by the EEOC." No such situation exists here. Similarly, in *EEOC v. Int'l Profit Assocs.*, 206 F.R.D. 215, 218 (N.D. Ill. 2002), the court refused to order disclosure of notes regarding interviews of former or current employees of the defendant conducted by the EEOC after those individuals had "contacted the EEOC via returned questionnaires or telephone calls." There, "each woman identified as a class member was asked if she wished the EEOC to act in her behalf in this lawsuit and each class member replied in the affirmative." *Id.* No such direct attorney-client relationship exists here. The only instance where a court disallowed defendant's counsel from communications with individual plaintiffs was where the EEOC was "serving as the applicants' representative because it has filed suit for *individual* relief on their behalf and thereby cut off the applicants' private right of action for that relief." *EEOC v. Nebco Evans Distribution, Inc.*, No. 8:CV96-644, 1997 WL 416423, at *4 (D. Neb. June 9, 1997) (emphasis added). Here, the PAGA claim does not preclude a private action by any unnamed plaintiff. *Arias*, 46 Cal. 4th at 987 (nonparty employees are not bound by the judgment as to remedies other than civil penalties). Nor is the PAGA claim, seeking civil penalties, brought for individual relief. *Id.* at 986 ("an action to recover civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." (quotations and citation omitted)).

From a practical perspective, plaintiff's analogy between class actions and PAGA claims is also misplaced. While both fall within the general category of virtual representation, there are significant differences between the two. Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies. *Id.* ("The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves."). Unlike class actions, these civil penalties are not meant to compensate unnamed employees because the action is fundamentally a law enforcement action. Moreover, unlike the

6

binding finality of a class action with respect to damages, the individual employee has less at stake in a PAGA representative action: if the employer defeats a PAGA claim, the nonparty employees, because they were not given notice of the action or afforded an opportunity to be heard, are not bound by the judgment as to remedies other than civil penalties. *Id.* at 987. Thus, nonparty employees can bring an action against the employer based on identical facts so long as they do not seek civil penalties. Class members, however, would be bound by a judgment against the class, independent of the remedy later sought.

Class actions litigated in federal court also contain numerous procedural protections that are not available in PAGA claims. Unnamed employees need not be given notice of the PAGA claim, nor do they have the ability to opt-out of the representative PAGA claim. There is no indication that the unnamed plaintiffs can contest a settlement, if any, reached between the parties. The court does not have to approve the named PAGA plaintiff, nor does the court inquire into the adequacy of counsel's ability to represent the unnamed employees. These procedural protections ensure the fidelity of the attorney-client arrangement in a class action. Their absence further militate against considering a PAGA claim akin to a certified class action.

Additionally, in order to bridge the gap between *Arias* and the creation of an attorney-client relationship, at least two inferential steps are required, and neither is present. First, *Arias* is silent on what procedures, if not class action procedures, are sufficient to perfect representative status in representative actions. While representative status may accrue once administrative requirements have been satisfied, *Arias* does not so hold and plaintiff cites no further authority. Second, assuming that representative status is perfected once administrative requirements are satisfied, *Arias* does not contemplate the practical issue of when, if at all, an attorney-client relationship arises between plaintiff's counsel and the current or former employees.

In sum, no constructive attorney-client relationship forms between plaintiff's counsel and all current and former employees of the defendant upon plaintiff's fulfillment of the administrative requirements to bring a PAGA claim.

7

CONCLUSION

Plaintiff's motion for a protective order based on an attorney-client relationship with unnamed parties due to his PAGA claim is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2010

                                        MARILYN HALL PATEL
                                        United States District Court Judge
                                        Northern District of California